E-FILED
Tuesday, 26 March, 2019 07:38:02 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT D

# Malloy, Emily N.

| | |
|---|---|
| **From:** | Ankney, Clayton <CAnkney@atg.state.il.us> |
| **Sent:** | Tuesday, March 26, 2019 3:23 PM |
| **To:** | Wasdin, Nick |
| **Cc:** | Fowkes, Scott W.; Sharkey, Christina E.; Gonyou, Shannon L.; Liz Mazur; alan@uplcchicago.org; Nicole Schult; Malloy, Emily N. |
| **Subject:** | [EXT] RE: Doe v. Macleod, 18-3191 (C.D. Ill.) - IDOC Subpoena |

Nick:

1. IDOC will produce the previously withheld documents pursuant to an AEO protective order;
2. IDOC has not withheld any documents of which it is aware other than those which have been identified as privileged.
3. I have sent the additional requested search terms to IDOC but have not yet heard back. After reviewing the terms as discussed in your letter, I do not believe there will be a problem with running the additional terms to obtain relevant emails—except for the search terms you agreed to eliminate for Todd Sexton's email—but I will let you know as soon as IDOC gets back to me.

Clayton J. Ankney
(217) 785-4555

---

**From:** Wasdin, Nick [mailto:nick.wasdin@kirkland.com]
**Sent:** Tuesday, March 26, 2019 8:02 AM
**To:** Ankney, Clayton <CAnkney@atg.state.il.us>
**Cc:** Fowkes, Scott W. <sfowkes@kirkland.com>; Sharkey, Christina E. <christina.sharkey@kirkland.com>; Gonyou, Shannon L. <shannon.gonyou@kirkland.com>; Liz Mazur <liz@uplcchicago.org>; alan@uplcchicago.org; Nicole Schult <nicole@uplcchicago.org>; Malloy, Emily N. <emalloy@kirkland.com>
**Subject:** RE: Doe v. Macleod, 18-3191 (C.D. Ill.) - IDOC Subpoena

Clayton,

Thanks for the below response, and for your agreement to discuss these issues with IDOC. However, under the Court's scheduling order, we are required to file a motion on any unresolved issues today, and so we need IDOC's written confirmation on any points of agreement by no later than 3pm central today or we will have to include those issues in our motion. Can you confirm the following **by 3pm central today**?
1. IDOC will produce all material withheld on "law enforcement investigatory privilege" grounds subject to an "Attorneys' Eyes Only" designation.
2. IDOC is not withholding any documents responsive to Request Nos. 1-3 on the basis of its objections that the requests are "vague, overbroad and disproportional to the needs of the case."
3. IDOC will run the additional search terms contained in Plaintiff's March 7 letter to search for documents responsive to Request Nos. 9-12, with the sole exception that IDOC will not run the following terms in Todd Sexton's IDOC email account:
    a.     Todd AND Sexton
    b.     tsexton
    c.     sextont
    d.     todd.sexton
    e.     sex!

To the extent IDOC confirms some or all of the above by 3pm central today, we will remove the agreed-upon issue(s) from our motion to compel, which we plan to file at 3pm this afternoon.

Given your response below, it sounds like we are at an impasse on Request No. 13, and we will file a motion to compel those documents in any event.

Thanks again,

Nick

**Nicholas F. Wasdin**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3254  **F** +1 312 862 2000

nick.wasdin@kirkland.com

---

**From:** Ankney, Clayton <CAnkney@atg.state.il.us>
**Sent:** Monday, March 25, 2019 9:37 PM
**To:** Wasdin, Nick <nick.wasdin@kirkland.com>
**Subject:** [EXT] RE: Doe v. Macleod, 18-3191 (C.D. Ill.) - IDOC Subpoena

Nick:

I apologize, I am in the midst of preparing for trial. I have reviewed Plaintiff's March 7, 2019 correspondence.

As it concerns documents withheld by IDOC pursuant to investigatory privilege, I believe IDOC is willing to produce the previously withheld documents pursuant to an Attorneys Eyes Only protective order. I will confirm and let you know. I hope to have confirmation for you by tomorrow.

**Document Request 1**: IDOC has been unable to identify any additional relevant documents responsive to this request which have not already been produced or identified in IDOC's privilege log.

**Document Request 2**: IDOC has been unable to identify any additional relevant documents responsive to this request which have not already been produced or identified in IDOC's privilege log.

**Document Request 3**: IDOC has been unable to identify any additional relevant documents responsive to this request which have not already been produced or identified in IDOC's privilege log.

**Document Request 6**: IDOC has been unable to identify any additional relevant documents responsive to this request which have not already been produced or identified in IDOC's privilege log.

**Document Requests 9 and 10**: I will speak with IDOC about running these additional search terms in Richard Macleod's IDOC email account. I will let you know if IDOC has any issues with the additional terms. IDOC has been unable to identify any relevant letters, notes, notebooks, electronic devices, text messages, audio recordings, or any other form of communication by Richard Macleod responsive to these requests which have not already been produced or identified in IDOC's privilege log.

**Document Request 11**: I will speak with IDOC about running these additional search terms in Todd Sexton's IDOC email account. However, I already foresee problems with the following terms:

> Todd AND Sexton
> tsexton
> sextont

> todd.sexton
> sex!

These search terms would result in every email ever sent to or from Todd Sexton. I do not believe these search terms would be appropriate or useful. I will let you know if IDOC has any issues with the additional terms.

**Document Request 12**: I will speak with IDOC about running these additional search terms in Margaret Burke's IDOC email account. I will let you know if IDOC has any issues with the additional terms.

**Document Request 13**: IDOC maintains its objections to this request.

Furthermore, Judge Schanzle-Haskins' order in *Farris* does not support Plaintiff's position that IDOC should produce the requested documents. While Plaintiff is correct that Judge Schanzle-Haskins compelled the defendants to produce non-privileged documents relating to any investigation or discipline of any correctional officer at Logan for failing to report officer-on-offender sexual misconduct during the stated timeframe, Plaintiff's reliance on *Farris* is misplaced.

In *Farris*, the Court, agreeing that such a request was over broad and not proportional to the needs of the case, modified a request for production of documents which sought "[a]ll Complaints relating to an allegation of unwanted sexual contact (e.g., rape, sexual assault) by a correctional officer against an inmate[.]" *Farris v. Kohlrus*, 2019 WL 351876 at *10 (C.D. Ill. Jan. 29, 2011). The request in this case, while worded in a slightly different manner, is essentially the same as this request in *Farris*. While the Court did compel the defendants to produce documents subject to a protective order, the Court did so because the information sought "may lead to evidence relevant to the claims against the Policy Defendants regarding the existence of a policy that caused the Rape or the retaliation." *Id.*

While not explicitly stated, it appears the Court's logic used in determining documents should be produced related to allegations of unwanted sexual contact was also used in determining documents related to investigations and discipline of officers for failing to report sexual misconduct should be produced.

Here, there is no policy claim, there are no policy defendants, and there are only individual claims against the defendants for alleged violations of the Eighth and First Amendments based on their individual actions and inactions. Therefore, such a request, to the extent it can even be discerned what exactly Plaintiff is seeking, is almost entirely irrelevant, disproportional to the needs of the case, and would cause an undue burden on the Illinois Department of Corrections.


Clayton J. Ankney
(217) 785-4555

---

**From:** Wasdin, Nick [mailto:nick.wasdin@kirkland.com]
**Sent:** Monday, March 25, 2019 9:50 AM
**To:** Ankney, Clayton <CAnkney@atg.state.il.us>
**Subject:** RE: Doe v. Macleod, 18-3191 (C.D. Ill.) - IDOC Subpoena

Thanks, Clayton.

Do you have time for a call today to discuss? As I mentioned below and in my voicemail last week, the 60 day deadline for us to file a motion to compel is tomorrow.

Thanks,

Nick

**Nicholas F. Wasdin**
_____

**KIRKLAND & ELLIS LLP**

300 North LaSalle, Chicago, IL 60654
T +1 312 862 3254  F +1 312 862 2000

nick.wasdin@kirkland.com

**From:** Ankney, Clayton <CAnkney@atg.state.il.us>
**Sent:** Sunday, March 24, 2019 7:44 PM
**To:** Wasdin, Nick <nick.wasdin@kirkland.com>
**Subject:** [EXT] RE: Doe v. Macleod, 18-3191 (C.D. Ill.) - IDOC Subpoena

Nick:

I plan on responding to your letter tomorrow. Sorry for the delayed response, I did not have an opportunity to review it until late last week.

Clayton J. Ankney
(217) 785-4555.

**From:** Wasdin, Nick [mailto:nick.wasdin@kirkland.com]
**Sent:** Monday, March 18, 2019 12:12 PM
**To:** Sharkey, Christina E. <christina.sharkey@kirkland.com>; Ankney, Clayton <CAnkney@atg.state.il.us>
**Cc:** Fowkes, Scott W. <sfowkes@kirkland.com>; Gonyou, Shannon L. <shannon.gonyou@kirkland.com>; 'alan@uplcchicago.org' <alan@uplcchicago.org>; 'Liz Mazur' <liz@uplcchicago.org>; Nicole Schult <nicole@uplcchicago.org>; Malloy, Emily N. <emalloy@kirkland.com>
**Subject:** RE: Doe v. Macleod, 18-3191 (C.D. Ill.) - IDOC Subpoena

Clayton,

I'm following up on the attached letter, which requested to meet and confer no later than March 18 (today) regarding deficiencies with IDOC's subpoena response in the Doe v. Macleod case. As you know, under the Court's scheduling order, plaintiff is required to file any related motion to compel within 60 days of IDOC's January 25 response. (Docket No. 21 at ¶ 6) Thus, if we are unable to resolve the deficiencies outlined in the letter, we will be forced to file a motion to compel early next week. Please let us know if you are available this week to discuss.

Nick

**Nicholas F. Wasdin**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
T +1 312 862 3254  F +1 312 862 2000

nick.wasdin@kirkland.com

**From:** Sharkey, Christina E. <christina.sharkey@kirkland.com>
**Sent:** Thursday, March 7, 2019 4:11 PM
**To:** Ankney, Clayton <CAnkney@atg.state.il.us>
**Cc:** Wasdin, Nick <nick.wasdin@kirkland.com>; Fowkes, Scott W. <sfowkes@kirkland.com>; Gonyou, Shannon L. <shannon.gonyou@kirkland.com>; 'alan@uplcchicago.org' <alan@uplcchicago.org>; 'Liz Mazur' <liz@uplcchicago.org>; Nicole Schult <nicole@uplcchicago.org>
**Subject:** RE: Doe v. Macleod, 18-3191 (C.D. Ill.) - IDOC Subpoena

Clayton,

Please see attached letter from Plaintiff regarding deficiencies identified in IDOC's responses to Plaintiff's 12/18/18 subpoena.

Regards,

Christina

**Christina E. Sharkey**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3458  **M** +1 814 404 7972
**F** +1 312 862 2200

christina.sharkey@kirkland.com

---

**From:** Ankney, Clayton <CAnkney@atg.state.il.us>
**Sent:** Friday, January 25, 2019 3:13 PM
**To:** 'alan@uplcchicago.org' <alan@uplcchicago.org>; 'Liz Mazur' <liz@uplcchicago.org>; Nicole Schult <nicole@uplcchicago.org>
**Cc:** Sharkey, Christina E. <christina.sharkey@kirkland.com>; Wasdin, Nick <nick.wasdin@kirkland.com>; Fowkes, Scott W. <sfowkes@kirkland.com>; Gonyou, Shannon L. <shannon.gonyou@kirkland.com>
**Subject:** [EXT] Doe v. Macleod, 18-3191 (C.D. Ill.) - IDOC Subpoena

All:

Attached is IDOC's Response to Plaintiff's January 11, 2019 Subpoena, documents IDOC is producing pursuant to that subpoena, and IDOC's privilege log. These documents are also being placed in the mail today.

Clayton J. Ankney
Assistant Attorney General
Office of the Illinois Attorney General
500 S. Second St.
Springfield IL 62701
T: (217) 782-5819| F: (217) 524-5091
cankney@atg.state.il.us

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.