E-FILED
Tuesday, 26 March, 2019  07:38:03 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT H

## I.    POLICY

### A.    Authority

725 ILCS 200/1 and 202/10
730 ILCS 5/3-2-2
410 ILCS 70/1a and 70/5
Title 42 USC Sections 15601-15609
Administrative Directive 04.01.301

### B.    Policy Statement

Logan Correctional center shall have a zero tolerance policy for sexual abuse and sexual harassment and shall establish and maintain a program for the prevention and intervention of sexual abuse and harassment in correctional facilities in accordance with the standards established by the Prison Rape Elimination Act of 2003.

## II.    PROCEDURE

### A.    Purpose

The purpose of this directive is to establish internal instructions to staff regarding prevention and intervention of offender sexual abuse and harassment.

### B.    Applicability

This directive is applicable to the Logan Correctional Center.

### C.    Internal Audits

A facility review of this directive shall be conducted at least annually.

### D.    Designees
Individuals specified in this directive may delegate stated responsibilities to another person or persons unless otherwise directed.

### E.    Definitions

1.    Prison Rape Elimination Act of 2003 (PREA) - legislation requiring agencies to comply with the national standards approved and promulgated by the Attorney General to eliminate sexual abuse and harassment in confinement settings.

2.    Sexual abuse - for the purposes of this Directive shall mean sexual abuse of:

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | REFERENCES: | |
|---|---|---|---|
| **SECTION:** | 04 Programs and Services | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 2 of 15 |

a. An offender by another offender, if the victim does not consent, is coerced into such an act by overt or implied threats of violence, or is unable to consent or refuse including any contact between the penis and vulva or the penis and anus, including penetration, however slight; contact between the mouth and the penis, vulva, or anus; penetration of the anal or genital opening of another person, however slight, by a hand, finger, object, or other instrument; and any other intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of another person excluding contact incidental to a physical altercation.

b. An offender by a staff member, with or without consent of the offender, including:

(1) Contact between the penis and the vulva or penis and the anus, including penetration, however slight; contact between the mouth and the penis, vulva, or anus; contact between the mouth and any body part where the staff member has the intent to abuse, arouse, or gratify sexual desire; penetration of the anal or genital opening, however slight, by hand, finger, object, or other instrument, that is unrelated to official duties or where the staff member has the intent to abuse, arouse, or gratify sexual desire; any other intentional contact, either directly or through the clothing, of or with the genitalia, anus, groin, breast, inner thigh, or the buttocks, that is unrelated to official duties or where the staff member has the intent to abuse, arouse, or gratify sexual desire; any attempt, threat, or request to engage in the any of the above; or

(2) Any display by staff of his or her uncovered genitalia, buttocks, or breast in the presence of an offender; and voyeurism as defined as an invasion of an offender's privacy by staff for reasons unrelated to official duties, such as peering at an offender who is using a toilet in his or her cell to perform bodily functions; requiring an offender to expose his or her buttocks, genitals, or breasts; or taking images of all or part of an offender's naked body or of an offender performing bodily functions.

3. Sexual harassment – for the purpose of this directive, shall mean repeated and unwelcome sexual advances, request for sexual favors, or verbal comments, gestures, or actions of a derogatory or offensive sexual nature by an offender directed to another offender; and repeated verbal comments or gestures of a sexual nature to an offender by staff, including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures.

IDOC Subpoena 000476

# LOGAN CORRECTIONAL CENTER
# Institutional Directive

| | | | |
|---|---|---|---|
| **SECTION:** | 04 Programs and Services | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 3 of 15 |

**REFERENCES:**

4. Department PREA Coordinator - the coordinator of the Sexual Abuse and Harassment Prevention and Intervention Program for the Department.

5. Facility PREA Compliance Manager – the staff person designated to ensure facility compliance with the Sexual Abuse and Harassment Prevention and Intervention Program at a facility.

6. Vulnerable offender - an offender identified by the Chief of Mental Health who may need special services because he or she has been a victim of sexual abuse in a correctional setting, or who is potentially vulnerable to sexual abuse in a correctional setting.

7. Predator - an offender identified by the facility PREA Compliance Monitor or Department PREA Coordinator as having a history of sexually abusive behavior determined to present a risk to other offenders.

8. Staff – for the purpose of this directive shall mean any Department employee, contracted employee, employee of a vendor, or volunteer.

9. Chain of evidence - accounting for the continuous possession of evidence specimen from the time of collection until evidence is introduced into court.

10 Transgender – for the purpose of this directive means a condition whereby an offender's gender identity is different from his or her assigned gender at birth.

11. Intersex – congenital disorder in which the development of chromosomal or anatomical sex is atypical.

12. Gender nonconforming – for the purpose of this directive shall refer to an offender whose appearance or manner does not conform to traditional societal gender expectations

13. Sexual Assault Nurse Examiner (SANE) / Sexual Assault Forensic Examiner (SAFE) - a physician, physician assistant, nurse, or nurse practitioner who has been specially educated and completed clinical requirements to perform a forensic medical examination.

F. <u>General Provisions</u>

1. The Sexual Abuse Harassment Prevention and Intervention Program shall comply with all standards established by PREA and shall include, at a minimum:

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | REFERENCES: | |
|---|---|---|---|
| **SECTION:** | 04  Programs and Services | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01  General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 4 of 15 |

a.   Procedures to prevent sexually abusive and harassing behavior, including staff and volunteer training and the screening, classification, and education of offenders;

b.   Prompt reporting and intervention if abuse or harassment is suspected or occurs, including medical, psychological, safety, and security aspects;

c.   Prompt investigation, disciplinary action, and referral for prosecution, where appropriate;

d.   Identification of vulnerable offenders and predators; and

e.   Services available to offenders following a sexual assault.

2.   The Chief of Mental Health shall function as the Department PREA Coordinator and shall:

a.   Develop, implement and oversee the Department's Sexual Abuse and Harassment Prevention and Intervention Program;

b.   Establish, maintain, and review annually a PREA Sexual Abuse and Harassment Prevention and Intervention Program Manual that provides written direction for staff concerning the national standards approved a promulgated by the Attorney General pursuant to the Prison Rape Elimination Act of 2003.

c.   Develop or approve standardized modules for training staff.  Training shall include, but may not be limited to:

(1)   The Department's zero tolerance policy;

(2)   The Department's Sexual Assault and Harassment Prevention and Intervention Policy;

(3)   An offender's right to be free from sexual abuse and harassment and to be free from retaliation for reporting sexual abuse and harassment;

(4)   Common signs of sexually abusive or harassing behavior;

(5)   Common signs of being a victim of sexual abuse or harassment;

(6)   Protocol for initial response, including identification and separation of offenders;

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| SECTION: | 04 Programs and Services | NUMBER: | 04.01.301 |
|---|---|---|---|
| SUBSECTION: | 01 General Provisions | EFFECTIVE DATE: | 04/13/17 |
| SUBJECT: | 301 Offender Sexual Assaults-Prevention and Intervention | PAGES: | Page 5 of 15 |

REFERENCES:

(7)     Reporting procedures; and

(8)     Preservation of physical evidence of sexual abuse.

d.     Ensure offenders are screened to identify an offender as a predator or vulnerable offender.

e.     Develop a standardized objective screening instrument to be used by facility PREA Compliance Managers in assessing whether to identify an offender as a predator or vulnerable offender.  Considerations shall include, but not be limited to:

(1)     Mental, physical or developmental disability;

(2)     Age;

(3)     Physical build;

(4)     Criminal history, including previous incarcerations;

(5)     Prior convictions for sex offenses;

(6)     Sexual orientation or evidence of the offender being transgender or gender nonconforming, whether perceived or real;

(7)     Evidence of intersex;

(8)     Prior sexual victimization; and

(9)     Self-perceived vulnerability.

f.     The Chief of Mental Health shall render a final determination for entry of predator or vulnerable offender identifiers in Offender 0360

**NOTE**:  Once the initial determination has been made, only the Chief of Mental Health may change the identifying entry.

3.     The Chief Administrative Officer of each correctional facility shall:

a.     Designate a facility PREA Compliance Coordinator and an alternate PREA Compliance Manager.  The facility PREA Compliance Manager shall be a mental health professional.  The alternate need not be a mental health professional provided he or she serves in a supervisory capacity, is

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | REFERENCES: | |
|---|---|---|---|
| **SECTION:** | 04 Programs and Services | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 6 of 15 |

trained in sexual abuse crisis issues and has the knowledge, skills and abilities for program implementation and evaluation.

    b.    Identify community agencies, including advocacy and crisis organizations, where reports can be made or that provide assistance or support services to staff or offenders in the prevention or intervention of sexual abuse and harassment. Information such as mailing addresses and telephone numbers shall be provided via offender handbook, bulletins, etc.

    c.    Ensure staff and offenders are provided with training on the Department's Sexual Abuse and Harassment Prevention and Intervention Program.

4.    The facility PREA Compliance Manager shall:

    a.    Provide annual training to staff who works at correctional facilities on a regular, on-going basis. Training shall be specific to the procedures of the facility and shall include, but not limited to, all topics included in the standardized module approved by the Chief of Mental Health in accordance with Paragraph II.F.2.b. Training shall be included in the initial pre-service training and annually thereafter. Documentation of training shall be maintained in the employees training file.

    b.    Develop and maintain a program for the evaluation, treatment and counseling of victims and predators of sexual abuse or harassment.

    c.    Identify offenders who have post-release needs for treatment and counseling in the community upon release or discharge and make appropriate referrals for same.

5.    Access to information related to sexual abuse occurring in a correctional setting shall be limited to medical and mental health staff to the extent possible while ensuring the safety and security of offenders and staff. Informed consent shall be required before utilizing information regarding a sexual victimization that occurred outside of a correctional setting.

G.   <u>Requirements</u>
The Chief Administrative Officer of each correctional facility shall develop a written procedure to ensure compliance with the Department's Sexual Abuse and Harassment Intervention and Prevention Program and to establish response procedures for suspected, alleged or substantiated cases of sexual abuse and harassment. The procedure shall provide, at a minimum, for each of the following.

1.    Screening and assessment to identify predators and vulnerable offenders.

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | | |
|---|---|---|---|
| | | **REFERENCES:** | |
| **SECTION:** | 04 Programs and Services | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 7 of 15 |

a.  Staff shall make a reasonable effort to ensure the screening and assessment is conducted with consideration of sound confidentiality and sensitivity to the offender.

b.  Ordinarily within 72 hours of admission or transfer to any facility:

   (1)  Staff designated by the Chief Administrative Officer shall screen each offender for sexually abusive behavior or victimization.  The results shall be documented on the Screening for Potential Sexual Victimization or Sexual Abuse, DOC 0494, or an electronic equivalent.

   (2)  Clinical services staff shall review the pre-sentence report, statement of facts and other material in the master file for sexually abusive behavior or victimization.  Concerns shall be forwarded to the facility PREA Compliance Manager.

   (3)  Mental health professionals shall inquire whether the offender has been a victim of sexual abuse in the past.

c.  Within 30 days of admission or transfer to the facility, each offender, including any offender returned to Reception and Classification as a parole or mandatory supervised release violator, shall be screened again for sexually abusive behavior or victimization and potential predator or vulnerable offender identification utilizing the DOC 0494, or electronic equivalent, based upon any additional, relevant information received by the facility since the intake screening.

d.  Any indication of sexually abusive behavior, victimization or potential victimization in a correctional setting received by staff at a Reception and Classification Center or at any assigned facility shall be referred to the facility PREA Compliance Manager.

e.  The facility PREA Compliance Manager shall promptly:

   (1)  Review any referrals to assess whether an offender should be identified as a predator or vulnerable offender using the standardized screening instrument established by the Department PREA Coordinator and make recommendations regarding safety considerations and any treatment or counseling needs.

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | REFERENCES: | |
|---|---|---|---|
| **SECTION:** | 04 Programs and Services | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 8 of 15 |

(a)     If it is determined that the offender was previously a victim of sexual abuse, he or she shall be offered follow-up with medical and mental health staff within 14 days of screening.

(b)     If it is determined that the offender previously perpetrated sexual abuse, he or she shall be offered follow-up with mental health staff within 14 days of screening.

(2)     Where appropriate, enter the predator or vulnerable offender identifier in the offender data system of record and refer the offender to the Department PREA Coordinator for a final determination.

f.     The Department PREA Coordinator, within two weeks of referral, shall review and make a final determination regarding any identifier entries. Once the determination has been made, the identifier cannot be changed without the concurrence of both the Department PREA Coordinator and the Chief Administrative Officer.   Only the Department PREA Coordinator may change or override an identifying entry.

2.     Housing

a.     Prior to housing an offender identified as a predator with another offender, the proposed housing assignment shall be reviewed and approved by the Chief Administrative Officer in consultation with the facility PREA Compliance Manager.

b.     An offender identified as vulnerable shall not be housed with an offender identified as a predator.  Prior to housing an offender identified as vulnerable with another offender, the proposed housing assignment shall be reviewed by the facility PREA Compliance Manager and approved by the Chief Administrative Officer.

3.     Offender Education

a.     During the admission and orientation process regarding HIV Disease, offenders shall be provided with a presentation regarding the Department's Sexual Abuse and Harassment Prevention and Intervention Program including reporting procedures and available services and the zero tolerance policy.  Offenders shall be informed that victims need not name their attacker to receive medical and mental health services.  All information shall be provided to the offender in a manner that he or she can easily understand.

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | | |
|---|---|---|---|
| | | **REFERENCES:** | |
| **SECTION:** | 04 Programs and Services | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 9 of 15 |

b.     The offender handbook shall include an explanation of reporting procedures and programs and services available to victims or predators of sexual abuse and harassment.

4.     Crisis Intervention

a.     Any offender who alleges to be a victim of sexual abuse shall be:

(1)     Promptly separated and offered protection from the alleged abuser and the incident shall be investigated.

(2)     Referred to health services for examination, treatment and evidence collection in accordance with Paragraph II.G.6.   The decision to collect evidence shall be made on a case-by-case basis in accordance with standard investigative procedures.

(3)     Evaluated by mental health services within 24 hours to assess the need for counseling services.

(4)     Offered counseling and supportive services, such as psychological services, chaplaincy services, correctional counselors, group therapy, etc. and, if possible, be provided with a victim advocate from a rape crisis center.

b.     Staff responding to any allegation of sexual abuse shall take steps to ensure preservation of the area in which the alleged abuse occurred, including requesting that the alleged victim and abuser not take any action that may destroy physical evidence including changing clothes, bathing, brushing teeth, urinating, defecating, drinking or eating, etc.

**NOTE**:  A member of the security staff shall be promptly notified if the staff responding is other than security staff.

c.     Any offender who alleges to be a victim of sexual harassment shall be:

(1)     Offered protection from the alleged harasser and the incident shall be investigated.

(2)     Offered counseling and supportive services.

**NOTE**:  All response efforts, including efforts to secure advocacy services from a rape crisis center, shall be documented.

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| SECTION: | 04 Programs and Services | NUMBER: | 04.01.301 |
|---|---|---|---|
| SUBSECTION: | 01 General Provisions | EFFECTIVE DATE: | 04/13/17 |
| SUBJECT: | 301 Offender Sexual Assaults-Prevention and Intervention | PAGES: | Page 10 of 15 |

d.   Any verbal report or observance of sexual activity shall be treated as a possible sexual abuse.

e.   Any report or observance of sexual abuse or harassment shall be documented on an incident report and reported to the facility PREA Compliance Manager in accordance with Paragraph II.G.7. All reports shall be investigated accordingly.

f.   Reports of sexual abuse or harassment occurring while an offender was housed at a different facility shall be reported to the Chief Administrative Officer of the facility where the incident occurred as soon as possible, but not later than 72 hours after the initial report was received.

**NOTE:**  Reports of sexual abuse or harassment occurring while an offender was housed within a different jurisdiction, such as a municipal lockup, county jail, or correctional center in another state, shall be documented on a DOC 0434 and reported by the Chief Administrative Officer of the facility that recurved the allegation to the Chief Administrative Officer of the agency where the alleged abuse occurred within 72 hours.

g.   The offender's housing needs shall be reviewed to determine appropriate placement.  If the offender is transferred to another facility, the PREA Compliance Manager of the sending facility shall promptly notify the PREA Compliance Manager of the receiving facility of the alleged sexual abuse or harassment to ensure the offender receives proper follow-up services.

5.   Medical Treatment for Victims of Sexual Abuse

a.   Offenders shall not be charged a co-payment for medical treatment obtained for alleged sexual abuse.  Treatment shall be provided on site when a physician is available.  When a physician is not available, medical treatment may be provided at a local emergency room as determined by the local facility.

b.   The medical examination provided by Department facilities shall include a general physical examination and for recent sexual abuse shall also include, but not be limited to:

(1)   A blood test (RPR serology for Syphilis) - repeat at 3 months;

(2)   Culture smears for seminal fluid, Gonorrhea, Chlamydia and other Sexually Transmitted Diseases (STD) as appropriate; STD and Gonorrhea and Chlamydia testing repeat at 3 weeks; and

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | | |
|---|---|---|---|
| **SECTION:** | 04 Programs and Services | **REFERENCES:** | |
| | | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 11 of 15 |

(3)     Collection of evidence by use of an evidence collection kit.

c.     An HIV test and counseling shall be offered in accordance with Administrative Directive 04.03.115. The HIV test shall be repeated at three, six and nine months after the initial test.

d.     The medical records shall not reflect any conclusions regarding substantiation of sexual abuse; however, shall identify:

(1)     The offender's name and identification number;

(2)     A statement by the offender indicating the date and time of the alleged incident;

(3)     Type or description of sexual abuse (i.e. oral, anal, vaginal);

(4)     The results of the physical examination, tests and if applicable, use of the evidence collection kit;

(5)     The documentation of the presence or absence of cuts, scratches and bruises and any trauma; and

(6)     Documentation of counseling.

e.     All reports contained in the evidence collection kit shall be completed and distributed appropriately, when applicable.

6.     Incident Reports

Any alleged sexual abuse or harassment shall be reported through chain of command as an unusual incident in accordance with Administrative Directive 01.12.105. All staff who observe the alleged abuse or harassment or to whom the initial report was made shall complete an incident report and may be required to be interviewed by an investigator or other staff designated by the Chief Administrative Officer prior to leaving the facility at the end of their shift. A copy of the incident report shall be forwarded to the facility PREA Compliance Manager.

7.     Investigation and Referral for Discipline or Prosecution

a.     All allegations of sexual abuse or harassment shall be investigated by trained investigators in accordance with Administrative Directive 01.12.120. The initial investigative report shall be provided to the Chief Administrative Officer within 24 hours of the onset of the investigation.

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | | |
|---|---|---|---|
| **SECTION:** | 04 Programs and Services | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 12 of 15 |

**REFERENCES:**

When notified, the Chief Administrative Officer shall notify the respective Deputy Director and the Chief of Operations.

b.      For reports of sexual abuse, the crime scene shall always be protected and investigators shall collect and tag evidence from the scene in accordance with established procedures. Evidence collected shall be submitted to the State Police within ten business days of receipt.

c.      All investigations shall include a review of:

(1)      All direct and circumstantial evidence;

(2)      Any physical barriers that may have enabled the abuse or harassment;

(3)      The adequacy of staffing levels; and

(4)      Technological needs of the facility with respect to the incident.

d.      Alleged victims of sexual abuse shall not be required to submit to deception detection examinations as part of or as a condition of the investigation.

e.      If an offender is determined to be the possible assailant, he or she shall be placed in investigatory status, unless to do so may jeopardize the investigation.  For any allegation, the victim shall be protected from the alleged assailant.

f.      Upon conclusion of the investigation:

(1)      Disciplinary reports shall be completed, served and processed, where warranted.

(2)      The results shall be forwarded to the Chief of Operations who shall report the incident to the Illinois State Police, where appropriate.

(3)      The alleged victim shall be notified, in writing, of the outcome of the investigation.  Investigation findings may be grieved in accordance with 20 Ill. Adm. Code 504 and Administrative Directives 04.01.114 and 04.01.115.

(4)      If applicable, the case shall be reviewed with the appropriate State's Attorney for possible referral for prosecution.

# LOGAN CORRECTIONAL CENTER
# Institutional Directive

| SECTION: | 04  Programs and Services | REFERENCES: | |
|---|---|---|---|
| SUBSECTION: | 01  General Provisions | NUMBER: | 04.01.301 |
| | | EFFECTIVE DATE: | 04/13/17 |
| SUBJECT: | 301 Offender Sexual Assaults-Prevention and Intervention | PAGES: | Page 13 of 15 |

8. Incident Reviews

    a. Within 30 days of the conclusion of the investigation, unless the allegation was determined to be unfounded, a review team, designated by the Chief Administrative Officer, shall review the case and:

        (1) Determine what may have been the motivation for the incident or allegation such as, but not be limited to, race, ethnicity, gender, gender identity, sexual orientation, transgenderism, intersex identification, gang affiliation, etc.

        (2) Determine if there is a need for changes to policy or procedure; or if factors such as physical barriers or staffing may have enabled the abuse.

        (3) Assess whether monitoring technology should be deployed to supplement staff supervision.

    b. The review team shall prepare and submit to the Chief Administrative Officer and facility PREA Compliance Manager a written report of their findings and any recommendations for improvement. Documentation for any recommendation not implemented shall be maintained.

9. Protection against Retaliation

    To ensure offenders and staff that report sexual abuse or harassment are protected from retaliation by other offenders or staff, the facility PREA Compliance Manager shall, for a minimum of 90 days following the initial report of sexual abuse or harassment, monitor the offender's conduct and treatment, including, but not limited to, disciplinary reports, housing or program changes and staff performance reviews or reassignments to ensure he or she displays no changes that may suggest retaliation.

## H. Program Evaluation

1. The Chief Administrative Officer and facility PREA Compliance Manager at each facility shall conduct an annual evaluation of the Sexual Abuse and Harassment Prevention and Intervention Program at their respective facility and submit to the Department PREA Coordinator a written report of the findings. The report shall be submitted to the Department PREA Coordinator no later than May 31st of the year subsequent that of the reporting period and include, at a minimum:

    a. A review of each incident of sexual abuse or harassment that occurred during the reporting period;

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | | |
|---|---|---|---|
| | | **REFERENCES:** | |
| **SECTION:** | 04 Programs and Services | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 14 of 15 |

b. Program and procedural changes implemented based on the recommendations of the review team;

c. Training needs to ensure future safety and security of offenders and staff or the needs of victims or predators of sexual abuse and harassment;

d. A record of referrals to outside community resources;

e. A record of referrals for post-release services; and

f. Statistical data including:

    (1) The number of alleged incidents of sexual abuse.

    (2) The number of alleged incidents of sexual harassment.

    (3) The number of confirmed incidents of sexual abuse.

    (4) The number of confirmed incidents of sexual harassment.

    (5) The discipline imposed for sexual abuse or harassment.

    (6) The number of referrals for criminal prosecution.

    (7) The number of criminal prosecutions filed for sexual abuse, including the current status.

2. Upon receipt of the annual reports from each facility, the Department PREA Coordinator shall assess the overall effectiveness of the Department's Sexual Abuse and Harassment Prevention and Intervention Program and submit to the Director a written report that, at a minimum, provides:

a. Statistical data and corrective action by facility;

b. Aggregated incident based sexual abuse or harassment data for the Department;

c. Perceived areas of concern and recommended or implemented improvements;

d. A comparison of the current year's statistical data and corrective actions with those of previous reporting periods; and

e. An assessment of the Department's progress in addressing sexual abuse or harassment overall.

# LOGAN CORRECTIONAL CENTER
## Institutional Directive

| | | | |
|---|---|---|---|
| **SECTION:** | 04 Programs and Services | **REFERENCES:** | |
| | | **NUMBER:** | 04.01.301 |
| **SUBSECTION:** | 01 General Provisions | **EFFECTIVE DATE:** | 04/13/17 |
| **SUBJECT:** | 301 Offender Sexual Assaults-Prevention and Intervention | **PAGES:** | Page 15 of 15 |

3.  The annual report shall be made available on the Department's website no later than June 30th of the year subsequent that of the reporting period.  Upon request, the report shall be submitted to the Department of Justice.

    **NOTE**:  The final report shall not contain any personal identifiers.  The Department may redact information on the posted report if said information would present a clear and specific threat to the safety and security of a facility or the Department.

4.  All reports and statistical data shall be retained for a period of no less than 10 years.

Authorized by:

_____          _____
Norine Ashley, PsyD                       Margaret Burke, Warden
Facility Program Manager                  Logan Correctional Center

Reviews:
07/11/97;  07/10/98;  07/11/99;  07/06/00;  07/05/01;  06/21/02;  06/21/03;  06/21/04;  06/21/05;  06/21/06, 06/21/07; 05/28/08; 05/28/09; 05/28/10; 05/28/11; 05/13/15; 4/01/16; 04/13/17
Revisions:
05/25/12; 05/13/15; 04/01/16; 04/13/17