# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Jane Doe, | ) |
|     Plaintiff, | ) ) ) Case No. 3:18-cv-03191-SEM-TSH |
| v. | ) ) |
| Richard Macleod, et al., | ) ) |
|     Defendants. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), and the Court's April 23, 2019 Text Order extending Plaintiff's deadline to amend her Complaint, Plaintiff Jane Doe, by her undersigned counsel, hereby moves this Court for leave to file an Amended Complaint. In support of this motion, Plaintiff states as follows.

1.  Plaintiff is a former female prison inmate who was repeatedly sexually assaulted by her male counselor at Logan Correctional Center ("Logan").

2.  Plaintiff's initial complaint asserts claims under 42 U.S.C. § 1983 against: (i) the counselor that assaulted her; and (ii) two supervisory Logan officials who, among other things, "knew that plaintiff's rights were being violated, had the realistic opportunity to intervene to prevent or stop the misconduct from occurring, and failed to do so." (Docket No. 1.)

3.  Plaintiff's treatment at Logan was not isolated. Rather, a widespread pattern of sexual assaults at Logan has been reported by numerous female inmates and corroborated during investigations by state law enforcement agencies. Through investigation and discovery, Plaintiff has learned that additional IDOC and Logan officials were on notice of numerous reported instances of sexual misconduct by staff directed at Logan inmates, were aware that a systemic

sexual assault problem existed at Logan, and were further aware of the customs, policies, and practices at Logan that permitted this type of misconduct to flourish. As explained in Plaintiff's proposed Amended Complaint, although these officials knew that the sexual assault problem at Logan posed a substantial risk of harm to women prisoners like Plaintiff, they nevertheless failed to take reasonable steps to mitigate the risk of harm—including those steps available to them pursuant to their supervisory positions and/or positions under the Prison Rape Elimination Act ("PREA")—and thereby created the environment in which Plaintiff's sexual assault was able to occur and exhibited deliberate indifference to the risk that Plaintiff (and other Logan inmates) would be sexually assaulted. Plaintiff now seeks leave to amend her complaint to add these individuals as defendants in this lawsuit. The additional defendants are as follows.

a) Mike Atchison, Mike Funk, Patrick Keane, Felipe Zavala, and Alan Pasley were administrators within IDOC and were responsible for developing, implementing, and overseeing implementation of PREA at all IDOC facilities, including Logan; for ensuring that administrators and staff at Logan and other IDOC facilities took steps to address the problem of custodial sexual assault; and for ensuring the reasonable safety of women in IDOC custody.

b) Christine Brannon, Kess Roberson, and Angela Locke held the position of Warden and/or Acting Warden of Logan (in addition to, and at relevant times different than, current Defendant Burke). As wardens, these Defendants were responsible for: overseeing day-to-day operations at Logan, including compliance with PREA; for promulgating rules, regulations, polices, and procedures to ensure reasonable safety of women prisoners at Logan; and for supervising, training, assigning, and disciplining

counselors, correctional officers, and internal affairs investigators at Logan, including current Defendants Richard Macloed and Todd Sexton.

c) Clara Charron, Shari Klassen, Jennifer Meaker, Heidi Browne, Lisa Johnson, Debra Pollock, and Melinda Eddy held the position of PREA compliance manager and/or backup PREA compliance manager for Logan. In these positions, these Defendants were responsible developing, planning, and overseeing efforts to address the problem of custodial sexual assault at Logan and for ensuring compliance with PREA regulations and standards.

d) Dr. Keena Peek, Grant Willis, Dr. Jennifer McClellan, Charles Gibbons, Bobbie LeDuc, and Brent Blanco were members of the PREA incident review team at Logan. In this role, these Defendants were responsible for reviewing investigations into allegations of sexual assault at Logan and for evaluating and recommending policy changes to prison administrators to address the problem of sexual assault at the facility.

4. The Court recently granted Plaintiff's motion to extend the deadline to amend her complaint to May 27, 2019. (*See* April 23, 2019 Text Order.)

5. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

6. Justice requires that Plaintiff be granted leave to file the Amended Complaint to name the additional defendants identified therein and hold them accountable for their role in facilitating her sexual assaults. The Amended Complaint is not the result of undue delay, bad faith, or dilatory motive by Plaintiff, and this is Plaintiff's first amendment.

7. The filing of Plaintiff's Amended Complaint will not unduly prejudice Defendants or delay the case. This motion for leave is timely filed in accordance with the deadline for amendment recently set by the Court. The close of fact discovery is over five months away. (Docket No. 21.) Plaintiff has still not yet received responses to the discovery requests she served on the initial Defendants on February 4, 2019. No depositions have yet been taken. Therefore, the newly named Defendants will have ample time to participate in discovery and defend against this litigation.

8. Furthermore, Plaintiff's initial complaint expressly noted that the claims were also asserted against "other as-yet unidentified employees of the Illinois Department of Corrections," who, along with the initial Defendants, "had the realistic opportunity to intervene to prevent or stop the misconduct from occurring, and failed to do so." (*see* Docket No. 1 ¶ 42.) Thus, individuals with supervisory and PREA responsibility for Logan, like the additional defendants named in Plaintiff's Amended Complaint, were on notice that they may be added as named defendants in this action as discovery progressed.

9. A copy of the proposed Amended Complaint is attached hereto as Exhibit A.

10. Plaintiff asked counsel for the current Defendants whether they objected to this motion, but, as of the time of filing, Plaintiff has not yet heard back. A copy that correspondence is attached hereto as Exhibit B.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting Plaintiff leave to file an Amended Complaint.

Dated: April 30, 2019

/s/ *Nicholas F. Wasdin*
Scott W. Fowkes, P.C.
Nicholas F. Wasdin
Christina E. Sharkey
Shannon L. Gonyou
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Alan Mills
Elizabeth Mazur
Nicole Schult
UPTOWN PEOPLE'S LAW CENTER
4413 North Sheridan Road
Chicago, IL 60640
Telephone: (773) 769-1411
Facsimile: (773) 769-2224

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on April 30, 2019, a true and correct copy of the foregoing was electronically filed and served upon counsel of record via the Court's CM/ECF system.

Respectfully submitted,

 /s/ *Nicholas F. Wasdin*
Nicholas F. Wasdin
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200