IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) No. 18-cv-3191 |
| RICHARD MacLEOD, et al., | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jane Doe's Motion to Compel the Illinois Department of Corrections (Department) to Produce Material Responsive to the January 11, 2019 Subpoena (d/e 25) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff Doe alleges that she was incarcerated in the Logan Correctional Center (Logan) in Logan County, Illinois from March 2015 to August 2017. The Complaint states that Defendant Richard MacLeod was a counselor at Logan. She alleges that in 2016 and 2017 MacLeod repeatedly sexually assaulted her while she was housed at Logan. She alleges that when she reported the sexual assaults, she was transferred to

Decatur Correctional Center in retaliation for making the report. See Complaint (d/e 1), ¶¶ 8, 15-35.

Doe further alleges that Defendant Margaret Burke was Warden of Logan at the time and Defendant Todd Sexton was a member of Logan's Internal Affairs Department. The Complaint alleges the following regarding Burke and Sexton:

> 36. On information and belief, Ms. Doe's transfer was carried out by defendant Sexton, defendant Warden Burke, and other as-yet-unidentified defendants, in retaliation for plaintiff's complaint about Macleod, and with the knowledge that it would harmful to plaintiff.
>
> 37. On information and belief, defendant Macleod abused other women at Logan in the same way that he abused plaintiff. Other IDOC personnel at Logan, including but not limited to Sexton, knew as early as February 2017 that Macleod was in fact engaging in this pattern of abuse.
>
> . . . .
>
> 42. Likewise, in the manner described more fully above, defendants Sexton, Burke and other as-yet-unidentified defendants violated Ms. Doe's right to be free from cruel and unusual punishment because they knew that plaintiff's rights were being violated, had the realistic opportunity to intervene to prevent or stop the misconduct from occurring, and failed to do so. In the alternative, these defendants were on notice of a substantial risk of harm to plaintiff and they consciously disregarded that risk.
>
> 43. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for plaintiff's clearly established

constitutional rights, and not for any legitimate penological purpose.

Complaint, ¶¶36-37, 42-43. Does alleges claims against all three Defendants for violation of her Eighth Amendment rights to be free from cruel and unusual punishment and alleges claims against Burke and Sexton for retaliating against her in violation of her First Amendment rights. Complaint, Counts I and II.

On January 11, 2019, Doe served a Subpoena (Subpoena) on the Department to produce documents. Document Request 13 of the Subpoena asks for the following:

> 13. All Documents and Communications regarding sexual contact, sexual misconduct or sexual assault committed by IDOC employees or Logan Correctional Center employees against inmates at Logan Correctional Center.

Motion Exhibit Filed Under Seal (d/e 27) (Sealed Exhibits), Exhibit A, Subpoena, at Subpoena Rider to Illinois Department of Corrections (Subpoena Rider). The Subpoena defined "Documents" and "Communications" as follows:

**Definitions**

"Document" includes any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in your possession, custody, and/or control

"Communication" includes any/all forms of communication, including, for example, letters, emails (and any attachments thereto), notes, text messages, voicemails, social media communications or the like.

Id.

The Department responded:

RESPONSE: The Illinois Department of Corrections objects to this request to the extent it seeks information that is protected by the law enforcement investigatory privilege. *See, e.g., Surratt v. Walker,* 2010 WL 2670895, *2 (C.D. Ill. Jul. 2, 2010) (denying motion to compel subpoena request for "investigative files, grievances, reports, log records or lists of inmates who reported sexual assault or harassment by officers or staff" because disclosure of such information would "invite repercussions, or it would at least create in the inmates fear of such repercussions " and "discourage inmates from coming forward."). "Incorporated under Rule 26(b) of the Federal Rules of Civil Procedure, [the law enforcement investigatory privilege] serves 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference with an investigation."' *Castor v. Brown's Chicken and Pasta, Inc.,* 314 Ill. App. 3d 542, 544 (2000) (quoting *Hernandez v. Longini,* 1997 WL 754041, *3-*4 (N.D. Ill. Nov. 13, 1997)). The Illinois Department of Corrections objects to producing documents received from, sent to, or created at the request of the Illinois State Police or the Logan County State's Attorney's Office which concern an ongoing investigation. The Illinois Department of Corrections objects to producing documents received from, sent to, or created at the request of the Illinois State Police or the Logan County State's Attorney's Office which concern an ongoing investigation. The Illinois Department of Corrections further objects to this request because it is vague, overbroad in scope, seeks information wholly irrelevant to the claims in this case, and is disproportional to the needs of this case. It is unclear

> how the Illinois Department of Corrections could discern and identify every communication and document that may be related to sexual misconduct or sexual assault committed by IDOC or Logan Correctional employees without speaking with every offender and correctional employee. This request poses an undue burden on the Illinois Department of Corrections.
>
> Documents Bates stamped IDOC Subpoena 000008-000009, 000011, 000013-000036, and a CD, have been withheld based on the investigatory privilege. See Illinois Department of Corrections Privilege Log.
>
> Subject to and without waiving said objections, the Illinois Department of Corrections will produce the Checklist for File Initiation Report, Bates stamped 000001, the Investigational Interview of [Jane Doe], Bates stamped IDOC Subpoena 000002- 000003, and Incident Reports, Bates stamped IDOC Subpoena 000004-000007, Email, Bates stamped IDOC Subpoena 000010, Letter from the Illinois State Police, Bates stamped IDOC Subpoena 000012, and Illinois Times article, Bates stamped 000037.

<u>Sealed Exhibits</u>, Exhibit B, <u>Illinois Department of Corrections' Response to Plaintiff's January 11, 2019 Subpoena</u>, at 11.

Doe asks the Court to overrule the Department's relevance and undue burden objections. Doe states that the parties have resolved the Department's investigative privilege claims. <u>Motion</u> attached <u>Memorandum in Support of Plaintiff's Motion to Compel the Illinois Department of Corrections to Produce Material Responsive to the January 11, 2019 Subpoena (Doe Memorandum)</u>, at 4-5 n.2. The Department, however, asserts the investigative privilege claim in its response. <u>IDOC's Response</u>

to Plaintiff's Motion to Compel [Doc. 25] (d/e 31) (Response), at 5-6. It appears the parties need to discuss the privilege claims further before presenting the issue to the Court. If the parties have not or cannot resolve this privilege claim, Doe is given leave to file a second motion to address that issue. At this point, the Court only addresses the relevance and undue burden objections.

## ANALYSIS

The scope of material that may be sought through a subpoena is as broad as the scope of discovery generally allowed in civil proceeding. See Graham v. Casey's General Stores, 206 F.R.D. 251, 253 (S.D. Ind. 2002). Thus, a subpoena may seek any non-privileged relevant information that is proportional to the needs of the case. Information is relevant for discovery purposes if the information sought appears reasonably calculated to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); see e.g., Pruitt v. Knight, 2019 WL 1416726, at *1 (S.D. Ind. March 29, 2019). The Court must quash a subpoena if the subpoena requires disclosure of privileged or otherwise protected matter or subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(iii) & (iv). The party opposing discovery generally has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999);

Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co. Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

To determine whether a subpoena imposes an undue burden, the Court should "weigh the burden to the subpoenaed party against the value of the information to the serving party." Amini Innovation Corp., v. McFerran Home Furnishings, Inc., 300 F.R.D. 406, 409 (C.D. Ca. 2014); see Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 927 (7th Cir. 2004). The burden imposed on non-parties is entitled to "special weight" in performing this calculus. Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998); Mosely v. City of Chicago, 252 F.R.D. 421, 434 (N.D. Ill. 2008). The Court may also consider the burden of the subpoena on privacy interests of affected. See Malibu Media, LLC v. John Does 1-14, 287 F.R.D. 513, 516 (N.D. Ind. 2012).

The Department is a non-party but has a vested interest in the outcome of the case. The Department must indemnify Burke and Sexton for payment of damages for claims for actions or omissions occurring within the scope of their employment. 5 ILCS 350/2. The Department, therefore, is not a truly disinterested third party. Under the circumstances, the Court finds that the Department is not entitled as much "special" consideration as

a truly disinterested third party.  Furthermore, the documents sought are within the possession or control of the Department, not Defendants Burke and Sexton.  Doe may, therefore, properly seek these documents from the Department by use of the Subpoena.

Documents regarding other sexual contact, sexual misconduct, and sexual assaults by Logan employees against Logan inmates (collectively Sexual Misconduct) are relevant to the claims against Defendants Burke and Sexton.  Doe alleges that Sexton and Burke intentionally or recklessly allowed a substantial risk of harm to exist that inmates such as Doe would be subjected to Sexual Misconduct.  Information about other Sexual Misconduct committed by Logan personnel against Logan inmates may be relevant to show the risk of harm to inmates at Logan, including Doe, from Sexual Misconduct and Sexton or Burke's knowledge of such risk of harm.  The evidence of other Sexual Misconduct is relevant.  The Department's relevance arguments to the contrary are not persuasive.

The Subpoena Document Request 13, however, is overly broad in several respects.  The request lacks any time limitation.  Doe alleges that MacLeod assaulted her in 2016 and 2017.  The Department should be required to produce only documents reasonably close in time to the alleged wrongful conduct to show the risk of harm at the time of the assaults and

Burke and Sexton's knowledge of such risk of harm. In addition, Doe's definition of "documents" and "communications" are quite broad and would require the Department to expend significant time and energy to secure every type of document and communication within those definitions related to these topics. Finally, the request imposes a burden on other inmates and Logan personnel. The request seeks highly personal information about other inmates involved in unrelated allegations of Sexual Misconduct. The request also seeks personally damaging information about other Logan personnel accused of Sexual Misconduct unrelated to the claims in this case. Release of such information could damage the reputations of Logan personnel even if the accusations were determined to be unfounded.

Doe asks the Court to modify the request to require production of relevant information that does not impose an unreasonable burden under the circumstances. The Court has authority to modify subpoenas to avoid undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). The Court finds that it is appropriate in this case to modify Subpoena Document Request 13 to require the Department to produce a limited set of responsive information that does not impose an undue burden.

The Court, therefore, limits the time frame of Subpoena Document Request 13 to responsive non-privileged documents related to Sexual

Misconduct from March 1, 2015 to the date of the Subpoena, July 31, 2018. Doe suggests these dates as appropriate. The Court agrees. Doe alleges she was assaulted in 2016 and 2017. Documents related to alleged Sexual Misconduct that occurred from March 2015 to July 2018 should provide sufficient information to establish the extent of the risk to inmates and the extent of Burke and Sexton's knowledge of such risk.

      The Court further limits Subpoena Document Request 13 to non-privileged documents consisting of: (1) written complaints submitted to Department employees alleging Sexual Misconduct (Written Complaints); (2) Department investigatory files of Written Complaints; and (3) all other Department investigatory files or logs of allegations of Sexual Misconduct in addition to the allegations set forth in Written Complaints. Doe suggests that these types of documents would be responsive to this request and would not impose an undue burden. See Doe Memorandum, at 2. The Court agrees with her suggestion. Limiting the responsive documents in this manner should greatly reduce the burden on the Department to collect responsive documents. The Department will not be put to the burdensome task of scouring every text and social media posting related to every inmate and employee.

Finally, the Court directs the parties to prepare an agreed protective order to protect the documents produced from improper disclosure. The Department correctly notes that some of the information may include medical information subject to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1936. Such information must be protected by a HIPAA qualified protective order. The Department also correctly notes that the identity of victims and Department employees in unrelated matters should be protected from disclosure. Redaction of identifying information, however, is not necessary. The Court agrees with Doe that redaction may unnecessarily complicate her ability to ask Burke and Sexton about other allegations of Sexual Misconduct, and so, frustrate her ability to discover their knowledge of the risk of harm that Doe faced from possible Sexual Misconduct. The parties should be able to agree on an appropriate protective order that will prevent improper disclosure of such information. The parties are directed to prepare an agreed protective order to limit access and use of the produced documents.

THEREFORE, IT IS ORDERED that Plaintiff Jane Doe's Motion to Compel the Illinois Department of Corrections to Produce Material Responsive to the January 11, 2019 Subpoena (d/e 25) is ALLOWED in part and DENIED in part. The Court directs the parties to submit an agreed

proposed protective order by May 31, 2019. The Court orders the Illinois Department of Corrections to produce the documents called for in this Opinion by June 17, 2019.

ENTER: May 15, 2019

                         s/ *Tom Schanzle-Haskins*
                         TOM SCHANZLE-HASKINS
                         UNITED STATES MAGISTRATE JUDGE