# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Jane Doe, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-3191-SEM-TSH |
| ) | |
| Richard MacLeod, Margaret Burke, ) | |
| and Todd Sexton, ) | |
| ) | |
| Defendants. ) | |

## OBJECTION TO MAGISTRATE JUDGE'S MAY 15, 2019 ORDER

The Illinois Department of Corrections, through its attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72.2(A), respectfully objects to Magistrate Judge Schanzle-Haskins's May 15, 2019 Order [Doc. 36] and submits the following memorandum of law in support:

## BACKGROUND AND INTRODUCTION

On August 2, 2018, Plaintiff filed her complaint alleging she was the victim of custodial sexual misconduct by Richard MacLeod, while she was incarcerated at Logan Correctional Center—a facility operated by the Illinois Department of Corrections. In her complaint, Plaintiff asserted an Eighth Amendment failure to protect claim against Todd Sexton—a correctional lieutenant assigned to the internal affairs unit at Logan Correctional Center—and Margaret Burke—a former warden of Logan Correctional Center. Plaintiff also asserted a claim of First Amendment retaliation against Investigator Sexton and Warden Burke claiming they retaliated against Plaintiff after she reported MacLeod's misconduct. [Doc. 1.] Investigator Sexton and Warden Burke deny the allegations against them. [Doc. 15.]

On January 11, 2019, Plaintiff served a subpoena on the Illinois Department of Corrections. Plaintiff's Request 13, sought "[a]ll Documents and Communications regarding sexual contact, sexual misconduct or sexual assault committed by IDOC employees or Logan Correctional Center employees against inmates at Logan Correctional Center." [Jan. 11, 2019 Subpoena, Request 13]. The Illinois Department of Corrections objected to this particular request. On March 26, 2019, Plaintiff filed her motion to compel the Illinois Department of Corrections to produce all documents responsive to Request 13. [Doc. 25]. On April 24, 2019, the Illinois Department of Corrections responded to Plaintiff's motion to compel and on May 2, 2019, Plaintiff's reply was filed. [Docs. 31, 34]. On May 15, 2019, Magistrate Judge Schanzle-Haskins entered an Opinion and ordered the Illinois Department of Corrections to produce non-privileged documents consisting of: (1) written complaints submitted to Department employees alleging Sexual Misconduct[1] (Written Complaints); (2) Department Investigatory files of Written Complaints; and (3) all other Department investigatory files or logs of allegations of Sexual Misconduct in addition to the allegations set forth in Written Complaints, from March 1, 2015, to July 31, 2018. [Doc. 36, pp. 9-12].

The Illinois Department of Corrections objects to this order. Magistrate Judge Schanzle-Haskins erred by ordering the production of documents which are confidential under the Prison Rape Elimination Act ("PREA") and which contain protected medical and mental health information of non-parties. To the extent the Court overrules the Illinois Department of Corrections' objection to Magistrate Judge Schanzle-Haskins's order, the Illinois Department of Corrections further objects to the timeframe for which the production of documents was ordered and the unduly burdensome scope of the production ordered.

---

[1] Magistrate Judge Schanzle-Haskins defined Sexual Misconduct as sexual contact, sexual misconduct, and sexual assaults by Logan employees against Logan inmates. [Doc. 36, p. 8].

2

**STANDARD OF REVIEW**

When a party makes a timely objection to a magistrate judge's decision on a non-dispositive matter, the district judge must consider the objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. of Civ. P. 72(a).

**OBJECTIONS AND ARGUMENT**

1. **The Court should not order the production of protected and confidential information of non-parties.**

Magistrate Judge Schanzle-Haskins ordered the Illinois Department of Corrections to produce non-privileged documents consisting of: (1) written complaints submitted to Department employees alleging Sexual Misconduct[2] (Written Complaints); (2) Department Investigatory files of Written Complaints; and (3) all other Department investigatory files or logs of allegations of Sexual Misconduct in addition to the allegations set forth in Written Complaints, from March 1, 2015, to July 31, 2018. [Doc. 36, pp.9-12].

Briefly, the Illinois Department of Corrections objects to the production of the medical information, mental health information, and confidential PREA information of non-party offenders who did not consent to the disclosure of their private and protected information. The production of such information would require the most intimate details of alleged victims of Sexual Misconduct to be released without so much as notice to those offenders or an opportunity to object to the disclosure of their private information. This will deter offenders from reporting Sexual Misconduct and subvert the purposes of PREA.

For the sake of judicial efficiency, the Illinois Department of Corrections will not restate its entire argument but, instead, hereby fully incorporates the arguments made in Sections (4) and 6(a) of its Response to Plaintiff's Motion to Compel. [Doc. 31]. For the reasons stated in this

---

[2] Magistrate Judge Schanzle-Haskins defined Sexual Misconduct as sexual contact, sexual misconduct, and sexual assaults by Logan employees against Logan inmates. [Doc. 36, p. 8].

3

Objection and the Illinois Department of Corrections' Response to Plaintiff's Motion to Compel, the Illinois Department of Corrections requests this Court sustain the Illinois Department of Corrections' objections to Request 13 and not require the production of the private, confidential, and protected information of non-party offenders.

**2.     The production timeframe should be further limited.**

Magistrate Judge Schanzle-Haskins ordered the Illinois Department of Corrections to produce documents from March 1, 2015, to July 31, 2018. [Doc. 36, pp.9-12]. However, this timeframe is overbroad and production should be limited to allegations of Sexual Misconduct arising between March 13, 2015, and August 4, 2017.

Plaintiff was housed at Logan Correctional Center from March 13, 2015, to August 4, 2017. [Doc. 37, Amended Complaint; Doc. 15, Answer and Affirmative Defenses to Plaintiff's first Complaint]. Because Plaintiff was not housed at Logan Correctional Center prior to March 13, 2015, or after August 4, 2017, allegations of Sexual Misconduct arising at Logan Correctional Center before March 13, 2015, or after August 4, 2017, are irrelevant to the claims in this case. Therefore, the Illinois Department of Corrections requests the timeframe for production pursuant to Request 13 be limited to between March 13, 2015, and August 4, 2017.

**3.     Production of all written complaints submitted to Department employees alleging Sexual Misconduct would pose an undue burden on the Illinois Department of Corrections.**

Magistrate Judge Schanzle-Haskins's Order requires the Illinois Department of Corrections to produce every written complaint submitted to Department employees alleging Sexual Misconduct. The Order would necessarily require the production of any grievance filed by an offender housed at Logan Correctional Center.

4

Logan Correctional Center has a reported total population of 1,659 offenders, with an operational capacity of 2,284 offenders, and serves as a reception and classification center for incoming IDOC offenders.[3] In order to produce these grievances for these thousands of offenders, the Illinois Department of Corrections would be required to: (1) identify every offender who was housed at Logan Correctional Center from March 1, 2015, to July 31, 2018; (2) locate and collect each of the master files of these offenders; and (3) review every grievance filed by every offender to discern whether any of them made mention of Sexual Misconduct.

This task is nearly, if not altogether, impossible and would therefore, pose an undue burden on the Illinois Department of Corrections. The Court should sustain the Illinois Department of Corrections' objection and modify Magistrate Judge Schanzle-Haskins's Order to not require the Illinois Department of Corrections to search for and produce all of these grievances.

Wherefore, for the foregoing reasons, the Illinois Department of Corrections respectfully requests this honorable Court sustain its objections as stated herein.

                              Respectfully submitted,

                              Illinois Department of Corrections,

                                  Respondent,

| | |
|---|---|
| Clayton J. Ankney, No. 6320224<br>Assistant Attorney General<br>500 South Second Street<br>Springfield, Illinois 62701<br>(217) 782-2077 Phone<br>(217) 524-5091 Fax<br>Email: cankney@atg.state.il.us | Kwame Raoul, Illinois Attorney General,<br><br>    Attorney for Respondent,<br><br>By: s/ Clayton J. Ankney<br>      Clayton J. Ankney<br>      Assistant Attorney General |

---

[3] https://www2.illinois.gov/idoc/facilities/Pages/logancorrectionalcenter.aspx (last accessed May 29, 2019).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| Jane Doe, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 18-3191-SEM-TSH |
| | ) |
| Richard Macleod, Margaret Burke, | ) |
| and Todd Sexton, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2019, the foregoing document, ***Objection to Magistrate Judge's May 15, 2019 Order***, was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically send notice to:

| | |
|---|---|
| Alan Mills | alan@uplcchicago.org |
| Christina Sharkey | christina.sharkey@kirkland.com |
| Elizabeth Mazur | liz@uplcchicago.org |
| Nick Wasdin | nick.wasdin@kirkland.com |
| Scott Fowkes | sfowkes@kirkland.com |
| Shannon Gonyou | shannon.gonyou@kirkland.com |
| Nicole Schult | nicole@uplcchicago.org |
| Cassandra Burns | cassie.burns@kirkland.com |

                                              s/ Clayton J. Ankney
                                              Clayton J. Ankney
                                              Assistant Attorney General