IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 3:18-cv-3191 |
| | ) |
| RICHARD MacLEOD, et al., | ) |
| | ) |
|    Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Objection to Magistrate Judge's May 15, 2019 Order (d/e 38) filed by Defendant Illinois Department of Corrections (IDOC). The Objection is GRANTED IN PART and OVERRULED IN PART. Magistrate Judge Tom Schanzle-Haskins did not clearly err by ordering the production of protected and confidential information of non-party offenders but should have ordered IDOC to redact the personal identifiers. The Magistrate Judge's production time frame was not clearly erroneous. Finally, IDOC has not shown that the Magistrate Judge's order requiring IDOC to produce every written complaint submitted to IDOC

employees alleging sexual misconduct would pose an undue burden.

## I. BACKGROUND

In August 2018, Plaintiff Jane Doe filed a Complaint (d/e 1) pursuant to 42 U.S.C. § 1983 against Richard MacLeod, a Correctional Counselor II employed by IDOC; Todd Sexton, a supervisory officer at Logan and a member of the prison's Internal Affairs Department; and Margaret Burke, the Warden of Logan. Plaintiff alleged that, while she was incarcerated at the Logan Correctional Center, Counselor MacLeod sexually assaulted and harassed her. Plaintiff alleged that Counselor MacLeod's conduct violated her Eight Amendment right to be free from cruel and unusual punishment. She further alleged that Investigator Sexton and Warden Burke violated Plaintiff's Eight Amendment rights by failing to protect Plaintiff. Investigator Sexton and Warden Burke knew Plaintiff's rights were being violated, had the opportunity to prevent or stop the misconduct from occurring, and failed to do so. Alternatively, Investigator Sexton and Warden Burke were on notice of a substantial risk of harm to Plaintiff and consciously disregarded that risk. Plaintiff also alleged a First Amendment

claim against Investigator Sexton and Warden Burke, claiming they retaliated against her after she reported Counselor MacLeod's misconduct.[1]

On January 11, 2019, Plaintiff served a subpoena on IDOC. Document Request No. 13 sought:

> All Documents and Communications regarding sexual contact, sexual misconduct or sexual assault committed by IDOC employees or Logan Correctional Center employees against inmates at Logan Correctional Center.

The Subpoena defined "Documents" to include "any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in your possession, custody, and/or control[.]" The Subpoena defined "Communications" to include "any/all forms of communications, including, for example, letters, emails (and any attachments thereto), notes, text messages, voicemails, social media communications or the like."

IDOC objected to the request, asserting the request was vague, overly broad in scope, sought information wholly irrelevant to the

---

[1] On May 20, 2019, Plaintiff filed an Amended Complaint (d/e 37) adding 22 defendants and additional allegations that sexual assaults and sexual harassment are widespread at Logan and other IDOC facilities. Am. Compl. ¶¶ 46-50.

claims, was disproportionate to the needs of the case, and was unduly burdensome.²

On March 26, 2019, Plaintiff filed a motion compel asking the Court to overrule IDOC's relevance and undue burden objections and order IDOC to produce all documents responsive to Request No. 13. IDOC filed a response asking that the Court sustain IDOC's objection and deny the motion to compel.

On May 15, 2019, Magistrate Judge Schanzle-Haskins entered an Opinion (d/e 36). The Magistrate Judge found that "[d]ocuments regarding other sexual contact, sexual misconduct, and sexual assault by Logan employees against Logan inmates (collectively Sexual Misconduct) [were] relevant to the claims against Defendants Burke and Sexton." Opinion at 8. The Magistrate Judge agreed, however, that Request No. 13 was overly broad because the request lacked a time limitation, the definition of "documents" and "communications" was too broad, and the request imposed a

---

² IDOC also raised the law enforcement investigatory privilege. The Magistrate Judge found that the parties needed to discuss the privilege claim further before presenting the issue to the Court. See Opinion at 5-6. IDOC does not raise the Magistrate Judge's handling of the law enforcement investigatory privilege in the Objection.

burden on other inmates and Logan personnel. Opinion at 8-9.[3] To correct this, the Magistrate Judge:

    (1) limited the time frame for Request No. 13 to March 1, 2015 to the date of the Subpoena, July 31, 2018;

    (2) limited the type of documents IDOC must produce in response to Request No. 13 to:

        (a) written complaints submitted to IDOC employees alleging Sexual Misconduct (Written Complaints);

        (b) IDOC investigatory files of Written Complaints; and

        (c) all other IDOC investigatory files or logs of allegations of Sexual Misconduct.

    (3) directed the parties to prepare an agreed protective order to protect the documents produced from improper disclosure. Opinion at 10-11.

On May 29, 2019, IDOC filed its Objection to Magistrate Judge's May 15, 2019 Order (d/e 38). On May 31, 2019, the parties submitted an agreed protective order.

---

[3] When considering the burden of the subpoena, the Magistrate Judge found that IDOC was not truly a disinterested third party and was "not entitled as much 'special' consideration as a truly disinterested third party." Opinion at 7-8. IDOC does not object to this finding.

## II. LEGAL STANDARD

When a magistrate judge enters an order on a "pretrial matter not dispositive of a party's claim or defense," a party may file objections to the order within 14 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). The Court must consider all timely objections and modify or set aside any part of the magistrate judge's order that "is clearly erroneous or is contrary to law." Id. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

## III. ANALYSIS

IDOC asserts that the Magistrate Judge erred by ordering the production of documents that are deemed confidential under the Prison Rape Elimination Act, 34 U.S.C. § 30301, et seq. (PREA) and which contain protected medical and mental health information of nonparties. IDOC further objects to the time frame for which the production of documents was ordered and the unduly burdensome scope of the production ordered.

IDOC first argues that this Court should not order the production of medical information, mental health information, and confidential PREA information of non-party offenders who did not consent to the disclosure of their protected information. Plaintiff asserts that the protective order the parties agreed is adequate to protect the third-party information.[4]

This Court has previously found that inmates who have been sexually assaulted in prison have a privacy interest keeping that information confidential. Fontano v. Godinez, No. 12-cv-3042, 2013 WL 3712406, at *2 (C.D. Ill. July 12, 2013). In Fontano, this Court compelled the production of PREA information with redaction of personal identifiers because much of the information was already produced regarding documentation of sexual assaults at Logan and because a protective order was in place. Id.

Similarly, here, the parties have agreed to a protective order that protects third-party medical and mental health records, as well as sexual assault records. See Protective Order (d/e 40). The

---

[4] Plaintiff also argues that IDOC forfeited this objection by not asserting the objection in its response to Plaintiff's subpoena. However, IDOC did raise privacy concerns with regard to its objection based on the law enforcement investigatory privilege. Therefore, the Court does not find the argument forfeited.

Protective Order prohibits the use or disclosure of confidential information for "any purpose whatsoever other than in this litigation," and requires that confidential information be returned to the producing party at the end of the litigation.  Id. ¶¶ 2, 5(a), 14(b).

The Court does find, however, that the Magistrate Judge clearly erred by not ordering IDOC to redact the personal identifiers of the non-party offenders.  The Court orders that IDOC redact the non-party offenders' personal identifiers from the documents produced and replace same with a title, such as "Inmate 1," and "Inmate 2."  If, after reviewing the information produced, Plaintiff believes that the personal identifiers must be released regarding a particular inmate, Plaintiff may file a motion.

IDOC also objects to the Magistrate Judge's order that IDOC produce documents from March 1, 2015 to July 31, 2018.  IDOC argues that Plaintiff was not housed at Logan prior to March 13, 2015 or after August 4, 2017.  Therefore, IDOC requests the timeframe for production pursuant to Request No. 13 be limited to between March 13, 2015 and August 4, 2017, the time Plaintiff was housed at Logan.

Rule 26 of the Federal Rules of Civil Procedure, in setting the scope of discovery, states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Reports of sexual assault pre-dating Plaintiff's incarceration are relevant to the defendants' notice of the alleged sexual assault problem and their alleged deliberate indifference to the risk to inmates. Reports post-dating Plaintiff's incarceration may be relevant to show liability for punitive damages. The Magistrate Judge identified a reasonable time frame for the production of documents pursuant to Request No. 13. Because his determination was neither clearly erroneous nor contrary to law, IDOC's objection to the time frame is overruled.

Finally, IDOC argues that requiring the production of any grievance filed by an offender housed at Logan Correctional Center would pose an undue burden on IDOC. IDOC asserts that the Magistrate Judge's order would require IDOC to identify every offender who was housed at Logan from March 1, 2015 to July 31, 2018; locate and collect each master file of these offenders; and

then review every grievance filed by every offender to discern whether any of them made mention of Sexual Misconduct.

Plaintiff responds that IDOC's objection fails because (1) the PREA requires IDOC to collect, review, and retain this exact information, and (2) even taking IDOC's burden claims at face value, courts in this Circuit have held that storing records in such a way that makes review and retrieval difficult is not a defense to producing those materials in discovery.

Interestingly, IDOC did not submit an affidavit or declaration asserting that IDOC would have to locate the documents in the manner indicated. Moreover, as Plaintiff points out, the PREA regulations require IDOC to "collect accurate, uniform data for every allegation of sexual abuse at facilities under its direct control using a standardized instrument and set of definitions." 28 C.F.R. § 115.87(a). IDOC must also "maintain, review, and collect data as needed from all available incident-based documents, including reports, investigation files, and sexual abuse incident reviews." 28 C.F.R. § 115.87(d). Further, the regulations provide that IDOC "shall maintain sexual abuse data collected pursuant to § 115.87 for at least 10 years after the date of the initial collection unless

Federal, State, or local law requires otherwise." 28 C.F.R. § 115.89(d). Therefore, IDOC should be able to identify documents responsive to Request No. 13 by reviewing the data collected and maintained as required by PREA, which would not be unduly burdensome.

## IV . CONCLUSION

For the reasons stated, IDOC's Objection to Magistrate Judge's May 15, 2019 Order (d/e 38) is GRANTED IN PART and OVERRULED IN PART. The Court orders IDOC to produce the documents called for in this Opinion by July 24, 2019.

**ENTERED: June 24, 2019**

**FOR THE COURT:**

    **s/** *Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**