IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) No. 18-cv-3191 |
| RICHARD MacLEOD et al., | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jane Doe's Motion to Compel Defendants Burke and Sexton to Produce Information and Material Responsive to Plaintiff's First Sets of Interrogatories and Requests for Production (d/e 59) (Motion).  For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff Doe alleges that she was incarcerated in the Logan Correctional Center (Logan) in Logan County, Illinois from March 2015 to August 2017. She additionally alleges that Defendant Richard MacLeod was a counselor at Logan. She further alleges that in 2016 and 2017 MacLeod repeatedly sexually assaulted her while she was housed at Logan.  She claims that when she reported the sexual assaults, she was transferred to Decatur Correctional Center

in retaliation for making the report. See Complaint (d/e 1), ¶¶ 8, 15-35. The Illinois Department of Corrections (IDOC) operated Logan.

Doe further alleges that Defendant Margaret Burke was Warden of Logan at the time and Defendant Todd Sexton was a member of Logan's Internal Affairs Department. The Complaint alleges the following regarding Burke and Sexton:

36. On information and belief, Ms. Doe's transfer was carried out by defendant Sexton, defendant Warden Burke, and other as-yet-unidentified defendants, in retaliation for plaintiff's complaint about Macleod, and with the knowledge that it would be harmful to plaintiff.

37. On information and belief, defendant Macleod abused other women at Logan in the same way that he abused plaintiff. Other IDOC personnel at Logan, including but not limited to Sexton, knew as early as February 2017 that Macleod was in fact engaging in this pattern of abuse.

. . . .

42. Likewise, in the manner described more fully above, defendants Sexton, Burke and other as-yet-unidentified defendants violated Ms. Doe's right to be free from cruel and unusual punishment because they knew that plaintiff's rights were being violated, had the realistic opportunity to intervene to prevent or stop the misconduct from occurring, and failed to do so. In the alternative, these defendants were on notice of a substantial risk of harm to plaintiff and they consciously disregarded that risk.

43. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for plaintiff's clearly established constitutional rights, and not for any legitimate penological purpose.

Complaint, ¶¶36-37, 42-43. Does alleges claims against Burke and Sexton for violation of her Eighth Amendment rights to be free from cruel and unusual punishment, and for retaliating against her in violation of her First Amendment rights. Complaint, Counts I and II.

On February 4, 2019, Plaintiff Doe served Burke and Sexton with Plaintiff's First Set of Interrogatories and Requests for Production. Burke and Sexton have responded. Plaintiff believed the responses to Interrogatories and Requests for Production were inadequate. The parties attempted but could not work out their differences by themselves. Plaintiff asks this Court to compel Defendants Burke and Sexton to provide responses to Interrogatories 6 and 7, and to produce documents responsive to Request for Production 28.

ANALYSIS

Interrogatories 6 and 7

Interrogatories 6 and 7 directed to both Burke and Sexton asked the following:

INTERROGATORY NO. 6

Describe with particularity all allegations, complaints, instances, or other information you are aware of regarding sexual contact, misconduct, harassment, or assault between between (sic) IDOC or Logan Correctional Center employees or contractors other than Richard Macleod and an inmate at Logan Correctional Center, and, for each such instance, state; (i) the name of the inmate involved; (ii) ·when and how you were first made aware; (iii) whether, how, and by whom it was investigated; and (iv) the disposition.

. . . .

INTERROGATORY NO. 7

Identify all meetings or other Communications you have participated in regarding sexual contact, misconduct, harassment, or assault committed by IDOC or Logan Correctional Center employees or contractors against inmates at Logan Correctional Center, and, for each such meeting or other Communication, state: (i) the date the meeting or Communication occurred; (ii) the individuals who participated in the meeting; and (iii) the specific subject matter discussed.

Motion, Exhibits E and F, Defendants Burke and Sexton's Responses to Plaintiff's First Set of Interrogatories (d/e 61 filed under seal), Response to Interrogatories 6 and 7.

Defendants initially objected to the interrogatories on vagueness, relevance, and undue burden grounds. In light of this Court's Opinion entered May 15, 2019 (d/e 36) (Opinion 36), as modified by the District Court's in Opinion entered June 25, 2019 (d/e 62) (Opinion 62) (collectively IDOC Subpoena Opinions), the Defendants Burke and Sexton agreed to answer these interrogatories by reference to documents regarding complaints that IDOC must produce pursuant to the IDOC Subpoena Opinions (IDOC Documents). In accordance with the IDOC Subpoena Opinions, Defendants Burke and Sexton would not provide the identity of the other inmates involved. See Opinion 62, at 8.

Burke and Sexton refuse to provide any additional response beyond reference to the IDOC Documents on the grounds of undue burden.  Doe argues that all she wants is Burke's and Sexton's personal recollections about the information requested.  She states that unlike the subpoena she served on the IDOC, the interrogatory did not require Burke and Sexton "to search for . . . documents."  Rather, Doe explained that, "Defendants only need draft basic interrogatory answers explaining their knowledge of, and participation in discussing, staff-on-inmate sexual assaults at Logan." <u>Plaintiff's Motion to Compel Burke and Sexton to Produce Information and Material Responsive to Plaintiff's First Sets of Interrogatories and Requests for Production (d/e 85) (Reply)</u>, at 3.  The Court agrees that the request that Burke and Sexton state what they remember beyond the references to the IDOC documents is not unduly burdensome.

Defendants also object to the broadness of the request.  The Court agrees that the requests are overly broad.  The Court modifies the required response as follows.  Beyond Burke and Sexton's references to the IDOC Documents, Burke and Sexton shall supplement their answers by providing additional information each personally remembers about: (1) (a) oral complaints of Sexual Misconduct and Written Complaints (as that term is defined by the documents described as items (1), (2), and (3) in Opinion 36, at page 10) (collectively Complaints);

(2) investigations of Complaints by IDOC personnel and/or law enforcement officials; (3) the substance of meetings of IDOC personnel with each other and/or with inmates about Complaints, including the identity of non-inmate individuals who attended and the substance of what was discussed and decided; (4) communications sent or received by IDOC personnel about Complaints; (5) and the resolution of Complaints.  The Court finds that this is sufficient to provide Doe with relevant discovery without imposing an undue burden on Defendants Burke and Sexton.

    The parties also disagree on the timeframe of the additional responses by Burke and Sexton.  The Court limited the documents production by IDOC from March 1, 2015 to July 31, 2018.  See Opinion 62, at 8-9.  Burke and Sexton want to limit Sexton's responses to the same timeframe, and to limit Burke's responses to the period from March 1, 2015 until she retired in December 2017. Response to Plaintiff's Motion to Compel [Doc. 59] (d/e71 (Response), at 2-3. Doe wants the timeframe for their interrogatory answers to extend from March 1, 2013 to July 31, 2018.  Doe picks March 1, 2013 because Logan became a women's prison at that time.  See Reply, at 2.  After careful consideration, the Court directs Defendants to provide an answer with respect to Sexual Misconduct alleged to have occurred from March 1, 2013 through July 31, 2018 for Sexton and March 1, 2013 through December 31, 2017 for Burke.  The Court

agrees that Burke should not be required to answer for the time after she retired. The timeframe is reasonable under the circumstances. Doe alleges that Sexual Misconduct was widespread throughout Logan. Securing information from 2013 when Logan became a women's prison is reasonable to determine whether such Sexual Misconduct was widespread. The information from 2013 is relevant to determining the development, if any, of the alleged widespread pattern and Burke and Sexton's awareness of the same. Doe further only asks Burke and Sexton to state what they remember. Neither is required to conduct any document review or other search of any kind based on Doe's explanation of her interrogatories. Stating what each remembers for this limited timeframe should not be onerous.

DOCUMENT REQUEST NO. 28

Document request No. 28 asked for the following:

All Documents produced by you in Doe v. Ziemer, et al. (No. 18-CV-3234) or any other litigation involving allegations of sexual misconduct at Logan Correctional Center or another correctional facility.

Motion, Exhibit H, Defendants Burke and Sexton's Responses to Plaintiff's First Set of Interrogatories (d/e 61 filed under seal), Response to Request for Production of Documents 28.

The Defendants object that the request is unduly burdensome and not proportional to the needs of the case. The Defendants point out that the request

seeks all discovery produced in the Doe v. Ziemer case, which includes information about the plaintiff in Doe v. Ziemer that is not relevant at all to this case. The Court agrees. The request seeks irrelevant information about the plaintiff in Doe v. Ziemer. The Doe v. Ziemer case also involves two other individual defendants besides Burke and Sexton. The discovery production in Doe v. Ziemer includes confidential information from those other two defendants' personnel files which is also irrelevant to this case. Producing irrelevant information about an unrelated inmate and unrelated defendants in another case is not proportional to the needs of this case.

Plaintiff Doe's Request 28 also seeks discovery produced in any other court case that alleges sexual misconduct at Logan. The request is extremely broad and involves information about parties that have no relation to this case. In one pending case before this Court, Farris v. Kohlrus, Case no. 17-3279, the plaintiff brings claims against 28 individuals, none of whom are defendants in this case. The discovery produced contains information about those individuals that is not relevant to this case. In light of the amount of irrelevant information in the discovery produced in these other cases, the Court sustains the objection that the request is not proportional to the needs of this case.

Plaintiff suggests that the Court direct counsel for the parties to meet and confer to sift through the discovery production in these other cases to find

information relevant to this case.  See Reply, at 4.  The Court declines to follow this suggestion.  The parties' counsels have not shown an ability to resolve matters in this manner.  The most likely result would be more motions and more court involvement.  As a more efficient alternative, Plaintiff should propound her own discovery requests on Defendants to secure the information she needs.

The Court has allowed the Motion in part.  The Court in its discretion may apportion fees and costs incurred in connection with the Motion.  Fed. R. Civ. P. 37(a)(5)(C).  The Court, in its discretion, declines to apportion such fees and expenses.  Each party will bear its own fees and expenses incurred in connection with the Motion.

THEREFORE, IT IS ORDERED that Plaintiff Jane Doe's Motion to Compel Burke and Sexton to Produce Information and Material Responsive to Plaintiff's First Sets of Interrogatories and Requests for Production (d/e 59) is ALLOWED in part and DENIED in part.  Defendants Burke and Sexton are required to provide the additional responses called for in this Opinion by September 15, 2019.

ENTER:  August 21, 2019

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE