E-FILED
Thursday, 26 September, 2019 09:59:27 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:18-cv-3191 |
| | ) |
| RICHARD MacLEOD, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Objection to Magistrate Judge's August 21, 2019 Order (d/e 91) filed by Defendants Margaret Burke and Todd Sexton (hereinafter collectively referred to as Defendants). Defendants assert that Magistrate Judge Tom Schanzle-Haskins erred by ordering Defendants to respond to Interrogatories No. 6 and No. 7 because the requests are unduly burdensome and in vast disproportion to the needs of the case. Because Judge Schanzle-Haskins decision was neither clearly erroneous nor contrary to law, the Objection is DENIED.

# I. BACKGROUND

Plaintiff Jane Doe was an Illinois Department of Corrections (IDOC) inmate from March 2015 to July 2018 and was housed at Logan Correctional Center from March 2015 to August 2017. In August 2018, Plaintiff filed a Complaint (d/e 1) pursuant to 42 U.S.C. § 1983 against Richard MacLeod, a Correctional Counselor II employed by IDOC; Todd Sexton, a supervisory officer at Logan and a member of the prison's Internal Affairs Department; and Margaret Burke, the Warden of Logan. Plaintiff alleged that, while she was incarcerated at Logan, MacLeod sexually assaulted and harassed her. She further alleged that Sexton and Burke violated Plaintiff's Eight Amendment rights by failing to protect Plaintiff. Sexton and Burke knew Plaintiff's rights were being violated, had the opportunity to prevent or stop the misconduct from occurring, and failed to do so. Alternatively, Sexton and Burke were on notice of a substantial risk of harm to Plaintiff and consciously disregarded that risk. Plaintiff also alleged a First Amendment claim against Sexton and Burke, claiming they retaliated against her after she reported MacLeod's misconduct. On May 20, 2019, Plaintiff filed an Amended Complaint (d/e 37) adding 22 defendants and additional

allegations that sexual assaults and sexual harassment are widespread at Logan and other IDOC facilities. Am. Compl. ¶¶ 46-50.

In February 2019, Plaintiff served her first set of discovery requests on Defendants. In June 2019, Plaintiff filed a motion to compel Defendants to respond to, as is relevant here, Interrogatories No. 6 and No. 7, which asked the following:

INTERROGATORY NO. 6

Describe with particularity all allegations, complaints, instances, or other information you are aware of regarding sexual contact, misconduct, harassment, or assault between between (sic) IDOC or Logan Correctional Center employees or contractors other than Richard Macleod and an inmate at Logan Correctional Center, and, for each such instance, state; (i) the name of the inmate involved; (ii) ·when and how you were first made aware; (iii) whether, how, and by whom it was investigated; and (iv) the disposition.

INTERROGATORY NO. 7

Identify all meetings or other Communications you have participated in regarding sexual contact, misconduct, harassment, or assault committed by IDOC or Logan Correctional Center employees or contractors against inmates at Logan Correctional Center, and, for each such meeting or other Communication, state: (i) the date the meeting or Communication occurred; (ii) the individuals who participated in the meeting; and (iii) the specific subject matter discussed.

On August 21, 2019, Magistrate Judge Schanzle-Haskins entered an Opinion sustaining, in part, Defendants' objections to Interrogatories No. 6 and No. 7. Judge Schanzle-Haskins first noted that Defendants refused to provide any additional response to Interrogatories No. 6 and No. 7—beyond reference to documents regarding complaints that IDOC was ordered to produce by the Court (IDOC Documents)—on grounds of undue burden. Noting that Plaintiff only sought answers explaining Defendants' knowledge of and participation in discussing staff-on-inmate sexual assaults at Logan, Judge Schanzle-Haskins found that the requests were not unduly burdensome. Opinion at 5 (d/e 88) ("The Court agrees that the request that Burke and Sexton state what they remember beyond the references to the IDOC documents is not unduly burdensome.").

However, Judge Schanzle-Haskins agreed with Defendants that the requests were overly broad and modified the required responses as follows:

> Beyond Burke and Sexton's references to the IDOC Documents, Burke and Sexton shall supplement their answers by providing additional information each personally remembers about (1) (a) oral complaints of Sexual Misconduct and Written Complaints (as that term

is defined by the documents described in items (1), (2), and (3) in Opinion 36, at page 10)[1] (collectively Complaints); investigations of Complaints by IDOC personnel and/or law enforcement officials; (3) the substance of meetings of IDOC personnel with each other and/or with inmates about Complaints, including the identity of non-inmate individuals who attended and the substance of what was discussed and decided; (4) communications sent and received by IDOC personnel about complaints; (5) and the resolution of Complaints.

Opinion at 5-6 (d/e 88). Judge Schanzle-Haskins limited the time frame to March 1, 2013 through July 31, 2019 for Sexton and March 1, 2013 through December 31, 2017 for Burke. March 1, 2013 is when Logan became a women's prison and Burke retired in December 2017.

Judge Schanzle-Haskins found that Doe alleged that sexual misconduct was widespread throughout Logan. He determined that securing information from 2013 when Logan became a women's prison was reasonable to determine whether the sexual misconduct was widespread. He further found that information from 2013 was relevant to determine the development of the alleged

---

[1] These documents are: "(1) written complaints submitted to Department employees alleging Sexual Misconduct (Written Complaints); (2) Department investigatory files of Written Complaints; and (3) all other Department investigatory files or logs of allegations of Sexual Misconduct in addition to the allegations set forth in Written Complaints." See Opinion at 10 (d/e 36).

widespread pattern, if any, and Burke and Sexton's awareness of any widespread pattern. Judge Schanzle-Haskins noted that Plaintiff only asked Burke and Sexton to state what they remember and that neither was required to conduct any document review or search any data. "Stating what each remembers for this limited timeframe should not be onerous." Opinion at 7 (d/e 88).

On September 4, 2019, Defendants filed their Objection.

## II. LEGAL STANDARD

When a magistrate judge enters an order on a "pretrial matter not dispositive of a party's claim or defense," a party may file objections to the order within 14 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). The Court must consider all timely objections and modify or set aside any part of the magistrate judge's order that "is clearly erroneous or is contrary to law." Id. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

## III. ANALYSIS

Defendants argue that Interrogatories No. 6 and No. 7 are unduly burdensome because they will have to think about every single allegation of staff-on-inmate misconduct that they recall over a five-year period and state all the information they remember about the allegations, investigations, meetings, and communications. In addition, every time they remember a new detail, they will have to supplement their responses. Finally, Defendants assert there is a more efficient manner for Plaintiff to discovery the information, namely the production of the IDOC documents.

Plaintiff responds that asking Defendants to state what they recall is not unduly burdensome and that the IDOC production is not an adequate substitute for Defendants' written responses. Plaintiff also asserts that Defendants forfeited their argument about supplementing their responses by not raising the argument before Judge Schanzle-Haskins but, in any event, that Defendants would only need to supplement their responses to the extent their recollections were refreshed regarding the misconduct. Plaintiff also has no objection to Defendants availing themselves of Federal

Rule of Civil Procedure 33(d),[2] but note that Defendants are still under an obligation to respond fully.

Defendants have failed to show that Judge Schanzle-Haskins' Opinion was clearly erroneous or contrary to law. Judge Schanzle-Haskins considered the discovery dispute and ultimately modified Interrogatories No. 6 and No. 7 in a manner that was reasonable and within his discretion. Defendants are not unduly burdened, and the requests are proportional to the needs of the case.

## IV . CONCLUSION

For the reasons stated, the Objection to Magistrate Judge's August 21, 2019 Order (d/e 91) filed by Defendants Margaret Burke and Todd Sexton is DENIED. The Court orders Defendants Burke and Sexton to provide the additional responses called for in this Opinion by October 18, 2019.

---

[2] "If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
 (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
 (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries. Fed. R. Civ. P. 33(d).

**ENTERED:** September 25, 2019

**FOR THE COURT:**

                                *s/Sue E. Myerscough*
                              **SUE E. MYERSCOUGH**
                              **UNITED STATES DISTRICT JUDGE**