# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:18-cv-3191 |
| RICHARD MACLEOD, et al., | ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 77) filed by Defendants Dr. Jennifer McClellan and Dr. Keena Peek. Because the Amended Complaint states a failure to protect claim, the Motion is DENIED.

## I. JURISDICTION

This Court has federal question jurisdiction over Count I because that Count alleges a claim arising under the Eighth Amendment to the United States Constitution and brought pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1331. Venue is proper because the events or omissions giving rise to the claim occurred within the District. 28 U.S.C. § 1391(b)(1), (b)(2).

## II. FACTS

In August 2018, Plaintiff filed a Complaint (d/e 1) pursuant to 42 U.S.C. § 1983 against Richard Macleod, a Correctional Counselor II employed by IDOC; Todd Sexton, a supervisory officer at Logan and a member of the prison's Internal Affairs Department; and Margaret Burke, the Warden of Logan. On May 20, 2019, Plaintiff filed an Amended Complaint (d/e 37) adding Defendants Dr. Jennifer McClellan and Dr. Keena Peek along with 20 other defendants and additional allegations that sexual assaults and sexual harassment are widespread at Logan and other IDOC facilities. See d/e 37, ¶¶ 46-50.

The following facts come from the Amended Complaint and are accepted as true at the motion to dismiss stage. Olson v. Champaign Cty., Ill., 784 F.3d 1093, 1095 (7th Cir. 2015); Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Dr. Jennifer McClellan and Dr. Keena Peek were members of the Prison Rape Elimination Act ("PREA") incident review team at Logan Correctional Center where they were responsible for reviewing investigations of sexual assault and evaluating and recommending policy changes to address issues of sexual assault at

Logan. The two are being sued for their role on the incident review team. Jane Doe was a prisoner with the Illinois Department of Corrections (IDOC) from March 2015 to July 2018. Jane Doe was housed at Logan Correctional Facility upon her admission until August 2017.

While she was incarcerated, a court order was in effect that gave Jane Doe phone calls with her minor daughter once a week. Jane Doe was placed in segregation for 18 days during which time she could not make phone calls. On August 4, 2016, after segregation, Jane Doe was assigned to Housing Unit 7. Defendant Richard Macleod acted as counselor for that housing unit. Jane Doe had to work with Macleod to reinstate her phone calls with her daughter and to receive a work assignment. Macleod interviewed Jane Doe in a private room without anyone else present. Macleod told Jane Doe she was pretty and asked if she would tell anyone if he had her come to his office to help him on the weekends, acknowledging that no other staff would be there at that time. Macleod knew how important the phone calls with her daughter were to Jane Doe. A few days later, Macleod called Jane Doe to his office so she could use his phone to call her daughter. After the

call, Macleod kissed Jane Doe. On a weekly basis, Macleod called Jane Doe to his office for the phone calls to her daughter, at which time he would sexually assault her and subject her to sexual harassment. On two occasions, he coerced her to have non-consensual sexual intercourse with him and on two other occasions he coerced her to perform non-consensual oral sex on him. He would also regularly expose himself to Jane Doe and make sexual comments while she was on the phone with her daughter.

In November 2016, Jane Doe was transferred to Housing Unit 4 in Logan Correctional Center. Jane Doe alleges that she should have been assigned to a new counselor in Housing Unit 4. However, Macleod remained as her counselor. Macleod continued to abuse Jane Doe until May 3, 2017, when she was finally assigned to a new counselor.

Jane Doe did not report Macleod's misconduct because he threatened that if she told, she would "get a year across the board," which meant she would spend a full year in segregation and an additional year at IDOC. Additionally, Macleod told Jane Doe that Defendant Todd Sexton, a lieutenant who worked for internal affairs, was his friend and gave him advice about how to avoid

punishment if his sexual misconduct was discovered. Jane Doe believed that Macleod would not be punished if she reported his misconduct. Jane Doe alleges that Sexton was aware of Macleod's misconduct since September 2016. On or about August 4, 2017, Sexton interviewed Jane Doe regarding Macleod. Sexton said he received information from an unknown source. At first, Jane Doe did not reveal any information for fear of retaliation, but eventually Jane Doe told Sexton about Macleod's abuse.

Immediately thereafter, Jane Doe was transferred to Decatur Correctional Center. Jane Doe did not consent to the transfer as she did not want to be transferred. Jane Doe was unable to have her weekly phone call with her daughter for three weeks, she was deprived of the opportunity to complete a cosmetology program in which she was enrolled at Logan, and, she lost her job on the garden crew. Jane Doe alleges that the transfer was carried out by Sexton, Defendant Margaret Burke, and "other as-yet-unidentified defendants" in retaliation for Jane Doe's complaint.

Jane Doe alleges that Macleod similarly abused other women at Logan. The Illinois State Police investigated Macleod's sexual assault of Jane Doe. During that investigation, several other

inmates described having sexual encounters with Macleod. Defendants, including Dr. Jennifer McClellan and Dr. Keena Peek, "knew as early as February 2017 that Macleod was engaging in a pattern of abuse, knew of a substantial likelihood that [he] was sexually abusing prisoners at Logan, and/or failed to take reasonable steps to prevent the abuse from continuing. As a result of Defendants' indifference and failure to intervene, Ms. Doe's constitutional rights were violated." See d/e 37, ¶ 41. Jane Doe alleges that she suffered and continues to suffer severe emotional distress, including humiliation, depression, rage, anxiety, panic attacks, insomnia, and post-traumatic stress.

In her Amended Complaint, Jane Doe alleges two counts: one for failure to protect in violation of the Eighth Amendment and one for retaliation. Count I alleges that all Defendants, including Dr. Jennifer McClellan and Dr. Keena Peek, violated her constitutional right to be free from cruel and unusual punishment pursuant to the Eighth Amendment by failing to protect her when they knew her rights were being violated and were on notice of a substantial risk of harm to Plaintiff. Plaintiff further contends that Defendants had a

realistic opportunity to intervene to prevent or stop the misconduct, but they consciously disregarded that opportunity.

In support of Count I, Jane Doe alleges that Logan Correctional Center and other IDOC facilities maintain a "zero tolerance" policy against sexual assault. However, "a large number of inmates at Logan and other IDOC facilities have been victims [of] sexual assault and harassment, including numerous reported instances of staff-on-inmate sexual assault and harassment." See d/e 37, ¶ 46.

Jane Doe cites numerous statistics relating to reported sexual assaults or harassment throughout all of IDOC. See d/e 37, ¶ 47. She also cites several statistics specifically related to Logan Correctional Center. See d/e 37, ¶¶ 48-50. For example, in 2016, 145 sexual assault or harassment allegations at Logan were reported, of which 91 were inmate-on-inmate reports and 54 were staff-on-inmate reports. Of the 54 reported instances of staff-on-inmate sexual abuse or harassment, 11 were followed by investigations that were insufficient to develop the evidence needed to determine whether or not the allegations occurred. See d/e 37, ¶ 48. Additionally, Jane Doe lists seven different investigations of the

Illinois State Police related to sexual assaults or harassment at Logan. See d/e 37, ¶ 49. These reports are detailed in the Amended Complaint. Five out of seven of the ISP investigations are prior to or during the time period of alleged abuse. See d/e 37, ¶ 49.

Based on this information, Jane Doe contends that Defendants, including Dr. Jennifer McClellan and Dr. Keena Peek, were aware that a systemic sexual assault problem existed at Logan and were aware of policies and practices that permitted this misconduct to occur. Each of the Defendants allegedly knew of a substantial risk of harm to the female prisoners at Logan, like Jane Doe, but they failed to take reasonable steps to mitigate the risk of harm, failing to adequately investigate, supervise, control, and discipline IDOC employees. Jane Doe asserts that the actions of Defendants were objectively unreasonable and intentionally disregarded Jane Doe's constitutional rights, and, as a result, Jane Doe suffered harm.

In Count II, Jane Doe alleges that Defendants Sexton, Burke, and "other as-yet-unidentified defendants" retaliated against her for exercising her First Amendment rights. Count II is not against

Defendants Dr. Jennifer McClellan and Dr. Keena Peek. Therefore, the only claim against Dr. Jennifer McClellan and Dr. Keena Peek is one for failure to protect.

### III. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. Of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendant fair notice of the claims. Tamayo, 526 F.3d at 1081. Defendants rely on Benson v. Cady, which the Seventh Circuit has rejected on the premise that it is inconsistent with notice pleading. 761 F.2d 335 (7th Cir. 1985) (holding that a Plaintiff must provide "sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery."); see also Henderson v. Wilcoxen, 802 F.3d 930, 933 (7th Cir. 2015); Walker v. Thompson, 288 F.3d 1005, 1008–09 (7th Cir. 2002); Higgs v. Carver 286 F.3d 437, 439 (7th Cir. 2002).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the

plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### IV. ANALYSIS

Defendants Dr. Jennifer McClellan and Dr. Keena Peek filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff has failed to state a claim for relief under the Eighth Amendment. See d/e 77.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of title deprived her of a federal right, privilege, or immunity. 42 U.S.C. § 1983; Brown v. Budz, 398 F.3d 904, 908 (7th Cir. 2005). State officials must "take reasonable measures to guarantee the safety of the inmates."

Hudson v. Palmer, 468 U.S. 517, 526–27 (1984).  For cases involving risk of harm to an inmate, a "deliberate indifference" standard is used.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Under this standard, a state official is liable only if he knows an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.

"A claim that a prison official was deliberately indifferent to such a risk has both an objective and a subjective component." Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015); see also Farmer, 511 U.S. at 834.  "First, the harm to which the prisoner was exposed must be an objectively serious one."  Gevas, 798 F.3d at 480.  Second, under "the subjective prong of the deliberate indifference claim," the "official must have actual, and not merely constructive, knowledge of the risk in order to be held liable; specifically, he 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'"  Id. (quoting Farmer, 511 U.S. at 837).

"Although this inquiry focuses on an official's subjective knowledge, a prisoner need not present direct evidence of the

official's state of mind: 'Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . .'" Id. quoting Farmer, 511 U.S. at 842). A plaintiff need not show that a prison official acted or failed to act believing that the harm would occur to the plaintiff. It is sufficient if the official acted or failed to act despite knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 842.

Here, Dr. Jennifer McClellan and Dr. Keena Peek were on the PREA incident review team at Logan. Plaintiff alleges that Dr. Jennifer McClellan and Dr. Keena Peek knew as early as February 2017 that Macleod was engaging in a pattern of abuse and they knew of a substantial likelihood that Macleod was sexually abusing prisoners at Logan and/or failed to prevent the abuse from continuing. Plaintiff is not required to prove her allegations at this point or provide more factual specificity.

At this stage, Plaintiff is only required to plead a short and plain statement of the claim showing she is entitled to relief and giving the defendant fair notice of the claims. Tamayo, 526 F.3d at 1081. Plaintiff's Amended Complaint does that.

Defendants argue that Plaintiff "pleaded herself out of court" by pleading the statistical information and specific examples in her Amended Complaint because the sexual abuse allegations were not substantiated and some accounts occurred after the alleged abuse. A plaintiff may "plead itself out of court by pleading facts that establish an impenetrable defense to its claims." Tamayo, 526 F.3d at 1086. Defendants contend that Plaintiff cannot prove notice of a substantial risk of serious harm if the investigations did not substantiate the allegations and other instances of sexual abuse occurred after Plaintiff was allegedly abused. Insufficient information to develop evidence for an investigation does not equate to the accusations being unfounded. Additionally, some of the investigations contained in Plaintiff's Amended Complaint occurred prior to the end of Plaintiff's alleged abuse. That some investigations were inconclusive and after the alleged abuse does not establish an "impenetrable defense" to Jane Doe's Eighth Amendment claim.

Defendants also argue that the claim fails because a failure to enact the best policy does not cause constitutional liability. However, Plaintiff's Amended Complaint alleges more than a failure

to enact the best policy.  Plaintiff contends that Logan already had a "zero tolerance" policy against sexual assault and that by disregarding a substantial risk of sexual abuse and harassment, Defendants failed to enforce that policy.  Therefore, Plaintiff has sufficiently stated a § 1983 claim for failure to protect in violation of the Eighth Amendment.

## **CONCLUSION**

For the reasons stated, Defendants Dr. Jennifer McClellan's and Dr. Keena Peek's Motion to Dismiss (d/e 77) is DENIED.

**ENTERED: February 20, 2020**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**