IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Jane Doe, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Case No. 3:18-cv-03191-SEM-TSH |
| v. | ) |
|  | ) |
| Richard Macleod, et al., | ) |
|  | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL INSPECTION OF LOGAN CORRECTIONAL CENTER**

Plaintiff is a former female prison inmate who was repeatedly sexually assaulted by a male counselor at Logan Correctional Center ("Logan") named Richard Macleod. Plaintiff's treatment was not isolated. Rather, a widespread pattern of sexual assaults at Logan has been reported by numerous female inmates and corroborated during investigations by state law enforcement agencies. Plaintiff now brings claims under 42 U.S.C. § 1983 against the individuals responsible for her mistreatment.

In support of her claims, Plaintiff served a subpoena on the Illinois Department of Corrections ("IDOC") seeking an in-person inspection of Logan. (*See* Ex. 1, Subpoena to IDOC.) Plaintiff's subpoena sought to inspect not only the locations where Plaintiff was sexually assaulted, but also the locations where *other* Logan inmates were sexually assaulted by Logan staff during the relevant time period. Although IDOC consented to the request to inspect the locations of *Plaintiff's* sexual assaults, it objected to Plaintiff's request to inspect "the locations of other sexual assaults" because, according to IDOC, the locations of *other* staff-on-inmate sexual assaults are "irrelevant to the allegations in this lawsuit." (*See* Ex. 2, IDOC Response to Subpoena ¶ 6.)

However, this Court has repeatedly rejected IDOC's assertion that *other* sexual assaults are not relevant to this lawsuit. Almost ten months ago, Judge Schanzle-Haskins ordered IDOC to produce documents related to other staff-on-inmate sexual assaults, holding that:

> Documents regarding other sexual contact, sexual misconduct, and sexual assaults by Logan employees against Logan inmates (collectively Sexual Misconduct) are relevant to the claims against Defendants Burke and Sexton. Doe alleges that Sexton and Burke intentionally or recklessly allowed a substantial risk of harm to exist that inmates such as Doe would be subjected to Sexual Misconduct. Information about other Sexual Misconduct committed by Logan personnel against Logan inmates may be relevant to show the risk of harm to inmates at Logan, including Doe, from Sexual Misconduct and Sexton or Burke's knowledge of such risk of harm. The evidence of other Sexual Misconduct is relevant. The Department's relevance arguments to the contrary are not persuasive.

(Docket No. 36 at 8.) Judge Myerscough affirmed that holding, noting:

> Reports of sexual assault pre-dating Plaintiff's incarceration are relevant to the defendants' notice of the alleged sexual assault problem and their alleged deliberate indifference to the risk to inmates. Reports post-dating Plaintiff's incarceration may be relevant to show liability for punitive damages.

(Docket No. 62 at 9.)[1]

Nevertheless, IDOC seeks to distinguish these holdings because neither specifically "permitted [Plaintiff] to inspect locations of other allegations of sexual assaults." (Ex. 3 at 1/13/20 Email from J. Tyrrell to N. Wasdin.) But, as Plaintiff explained during the parties' meet and confer, the Court's determinations that *other* sexual assaults are relevant to this case apply as equally to an inspection request as they did to the document requests and interrogatories at issue in Plaintiff's prior motions to compel. (*Id.* at 1/13/20 Email from N. Wasdin to J. Tyrrell.) Indeed, the locations of other staff-on-inmate sexual assaults at Logan are relevant to Plaintiff's claims for numerous reasons.

---

[1] *See also* Docket No. 88 at 4 (compelling Burke and Sexton to respond to Plaintiff's interrogatories, and noting that the May 15 and June 25 orders mooted defendants' relevance objections to information regarding other sexual assaults).

2

*First*, the locations of other sexual assaults speak to which Logan staff were on notice of the problem. For example, if a sexual assault occurred near the location of a Logan employee's desk or station, then the location is relevant to whether the employee was or should have been aware of the assault. Further, if a series of sexual assaults occurred in the same type of location, then that may show that Logan employees were or should have been aware of a problem in that type of location. Therefore, Plaintiff is entitled to photograph the location of the assaults so the jury can draw those inferences of notice at trial.

*Second*, the locations of other sexual assaults at Logan are also relevant to Defendants' deliberate indifference. For example, Illinois State Police Special Agent Monica Strandberg testified that many of the other staff-on-inmate sexual assaults at Logan occurred in areas of the prison that were not electronically monitored. She further testified that, in her view, "one reason why there [were] so many reported instances of sexual assault in 2017 in [one of those locations] was that there were either faulty or an insufficient number of cameras in those areas." (*See* Ex. 4, Strandberg Dep. Tr. at 96:18-97:6; 122:17–123:11; 124:10–15.) Agent Strandberg further testified that although "[e]verybody knows Macleod is having sex with inmates," he was regularly allowed "to take inmates out of their cell or get them released from their cell and have them brought to an unmonitored location at the facility." (*Id.* at 135:15–136:2.) That Logan staff, including those who were known to be problems, were allowed to take inmates to remote and unmonitored locations where they were ultimately sexually assaulted, speaks to the deliberate indifference of the Defendants, including Warden Burke. Accordingly, Plaintiff is entitled to photograph those locations so she can show them to the jury at trial.

*Third*, the locations of other sexual assaults are also relevant to Defendants' liability for punitive damages. For example, Agent Strandberg testified that other sexual assaults occurred in

locations such as a broom closet or bathroom. (Ex. 4, Strandberg Dep. Tr. 74:21–76:14.) Plaintiff is entitled to photograph those areas so she can show the jury the remote and dingy locations inmates were assaulted at Logan, which speaks to the wanton nature of the acts at issue.

## BACKGROUND

Plaintiff served her subpoena on IDOC on December 6, 2019, seeking, among other things, an inspection of Logan under Federal Rule of Civil Procedure 45 (Ex. 1, the "Subpoena"). The parties met and conferred on the scope of the Subpoena on December 20, 2019, at which time, Plaintiff indicated her intent to inspect Plaintiff's housing unit and each location at which Illinois State Police ("ISP") investigation indicated custodial sexual misconduct was known or alleged to have occurred within Logan. Those areas include: Housing Unit 4, where Plaintiff was housed; the Vocational Building, including Richard Macleod's and Sherrin Fitzer's workspaces, where Plaintiff's sexual abuse occurred; Housing Unit 9, Housing Unit 11, the staff bathroom, the Maintenance Building, the Laundry Room, the Electrician Shop, and the restroom outside of the Electrician Shop.

On January 6, 2020, Plaintiff received IDOC's objections to the proposed inspection, which purported "the requested inspection seeks to inspect areas not relevant to the litigation and because of the undue burden imposed on IDOC for accommodating such an inspection of irrelevant locations." (Ex. 2, Dec. 23, 2019 IDOC Objection ¶ 5.) IDOC objects to the relevance of all locations other than those in the Vocational Building because they pertain to *other* alleged or known-to-have-occurred staff-on-inmate sexual assaults, not Plaintiff's. (*Id.* ¶ 6.) With respect to burden, IDOC argues the places sought to be inspected "are not open to the general public" and "impact the functions and operations of the correctional facility." (*Id.* ¶ 7.)

4

Plaintiff responded to the objections and reminded IDOC that the Court has repeatedly rejected its position that evidence related to *other* inmate's sexual assaults is irrelevant to Plaintiff's claims.[2] (Ex. 3 at Jan. 8, 2020 Email from N. Wasdin to J. Tyrrell.) The parties again met and conferred regarding the disputes on January 15, 2020. In that conference, IDOC confirmed it would stand on its objections despite the Court's prior holdings.

On January 27, 2020, Plaintiff inspected Housing Unit 4, where Plaintiff resided at relevant times, and the Vocational Building, which included Sherrin Fitzer's and Richard Macleod's workspaces, where Plaintiff's sexual abuse took place. IDOC did not permit the inspection of any of the other requested locations.

## ARGUMENT AND AUTHORITIES

The scope of material obtainable pursuant to a Rule 45 subpoena is "as broad as what is otherwise permitted under Rule 26(b)(1)." *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, No. 17-cv-01287, 2017 WL 3386115, at *7 (N.D. Ill. Aug. 7, 2017) (citation omitted). Rule 26(b)(1) "gives expansive power to discover information 'regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Grayson v. City of Aurora*, No. 1:13-cv-01705, 2013 WL 6697769, at *2 (N.D. Ill. Dec. 19, 2013) (citation omitted). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

---

[2] Plaintiff also reserved her right to seek fees and other sanctions under Rule 11. (Ex. 3 at Jan. 8, 2020 Email from Counsel for Plaintiff to Counsel for IDOC.) This is the third time that Plaintiff has briefed the issue of whether facts pertaining to instances of custodial sexual misconduct at Logan other than Plaintiff's are relevant to her claims. (*See* May 15, 2019 Order, Docket No. 36 at 8 (compelling IDOC to produce documents concerning other custodial sexual misconduct), *affirmed by* Docket No. 62 at 9; Aug. 21, 2019 Order, Docket No. 88 at 4 (compelling Defendants Burke and Sexton to respond to interrogatories concerning other custodial sexual misconduct), *affirmed by* Docket No. 97 at 5–6.) Despite that the Court's prior holdings are directly apposite, IDOC stands on the same objections that have been overruled time and time again.

5

admissible evidence." *Id.* (citation omitted). "On receipt of . . . an objection, the party serving the subpoena 'may move the issuing court for an order compelling production or inspection.'" *SEC v. Hyatt*, 621 F.3d 687 (7th Cir. 2010) (quoting FED. R. CIV. P. 45(d)(2)(B)(i)). "District courts enjoy broad discretion when considering motions to compel, and have consistently adopted a liberal interpretation of the discovery rules." *Grayson*, 2013 WL 6697769, at *2 (internal citations and quotations omitted).

I.   **Locations Of Other Staff-On-Inmate Sexual Assaults Is Relevant.**

As this Court has already held, evidence of other sexual assaults is relevant to showing that Defendants were on notice of the sexual assault problem at Logan but failed to implement or enact physical barriers, surveillance monitoring, or some other kind of intervention that would have curtailed the problem, which goes to individual liability for Plaintiff's assault. "Reports of sexual assault pre-dating Plaintiff's incarceration are relevant to the defendants' notice of the alleged sexual assault problem and their alleged deliberate indifference to the risk to inmates. Reports post-dating Plaintiff's incarceration may be relevant to show liability for punitive damages." (Docket No. 62 at 9; *see also* Docket No. 36 at 8 ("Information about other Sexual Misconduct committed by Logan personnel against Logan inmates may be relevant to show the risk of harm to inmates at Logan, including Doe, from Sexual Misconduct and Sexton or Burke's knowledge of such risk of harm. The evidence of other Sexual Misconduct is relevant. The Department's relevance arguments to the contrary are not persuasive.").)

Each location that Plaintiff requested to inspect is relevant to incidents of custodial sexual misconduct involving Logan staff members that ISP has investigated. Specifically, the locations relate to investigations of custodial sexual misconduct committed by Richard Macleod, Daniel Shinnebarger, Heyward Ball, Jack Gibson, William Wolfsberger, Erik Kohlrus, and Milo Ziemer. Importantly, evidence gathered to date indicates that the location in the Vocational Building where

6

Richard Macleod sexually abused Plaintiff had no video surveillance during the time relevant to Plaintiff's abuse. (Ex. 5, 1/27/2020 S. Fitzer Dep. Tr. at 56:20–22.) Defendants' knowledge of other custodial sexual misconduct occurring in areas of low (or no) surveillance pre-dating or occurring simultaneously with Plaintiff's abuse goes to whether Defendants were on notice of a substantial risk of harm to Plaintiff and deliberately indifferent to that risk. Likewise, Defendants' knowledge of and failure to correct these circumstances following Plaintiff's abuse is relevant to punitive damages.

The same is true with respect to access to private areas: Richard Macleod sexually abused Plaintiff in a supervisor's locked office, and for some reason Richard Macleod had a key to that office. So far, no witness in this matter has been able to identify why it would have been appropriate for Richard Macleod to have a key to an office that was not his own. (*Id.* at 55:9–24.) Defendants' knowledge of other custodial sexual misconduct occurring in private areas that required key access, and whether that access was provided to non-essential personnel, goes to notice, deliberate indifference, and punitive damages.

Having already been overruled multiple times on its relevance objections as to other incidents of staff-on-inmate sexual misconduct at Logan, IDOC can muster no support for its argument that facts specific to the areas in which additional incidents of custodial sexual misconduct occurred—including the presence of physical barriers and/or surveillance methods, or lack thereof—is irrelevant to Plaintiff's claims. *Grayson*, 2013 WL 6697769, at *2 ("[E]xpansive" discovery scope allows for disclosure of information "regarding any nonprivileged matter that is relevant to any party's claim or defense.") (citation omitted).

7

**II.     IDOC's Undue Burden Objection Is Without Merit.**

IDOC also objects on burden grounds. Specifically, IDOC claims that inspection of the additional areas sought is unduly burdensome because Logan "is a correctional facility" and these areas "are not open to the general public." Not so.

Having already conducted her inspection of the locations of Plaintiff's abuse at Logan, Plaintiff knows firsthand that the process of gaining access to Logan and conducting onsite inspection is not onerous. In total, Plaintiff's first inspection lasted only 1.5 hours. Of note, Logan's visiting schedule for the general public runs from 9 AM to 8 PM every day, and visitors are permitted to stay for up to four hours during visits. (Ex. 6, Logan Correctional Center, Illinois.gov, available at https://www2.illinois.gov/idoc/facilities/Pages/logancorrectionalcenter.aspx.) Surely, Plaintiff is entitled to more given the balance of the relevance of the materials sought and the minimal burden of gaining access to the facility as borne out by the facility's own visitor policy. *See Ligas v. Maram*, No. 05 C 4331, 2007 WL 4225459, at *5 (N.D. Ill. Nov. 27, 2007); *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).

Finally, IDOC's burden argument fails because any burden associated with inspecting the additional locations is self-imposed. Plaintiff was *already* on site at Logan for an inspection of the locations relevant to Richard Macleod's abuse of Plaintiff. Her inspection of the additional locations could have been completed the same day, avoiding the administrative work of gaining access on a separate date. IDOC refused this less burdensome alternative. IDOC cannot now evade Plaintiff's access to and inspection of locations within Logan that are relevant to Plaintiff's claims by pointing to the self-imposed burden of a second inspection.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order compelling IDOC to permit the inspection of the Logan facilities relevant to other staff-on-inmate sexual assaults: Housing Unit 9, Housing Unit 11, the staff restroom, the Maintenance Building, the Laundry Room, the Electrician Shop, and the restroom outside of the Electrician Shop.

Dated:  March 6, 2020                    /s/ *Christina E. Sharkey*
                                         Nicholas F. Wasdin
                                         Christina E. Sharkey
                                         Shannon L. Gonyou
                                         Cassandra M. Burns
                                         Diego J. Martinez-Krippner
                                         KIRKLAND & ELLIS LLP
                                         300 North LaSalle
                                         Chicago, IL  60654
                                         Telephone: (312) 862-2000
                                         Facsimile: (312) 862-2200

                                         Alan Mills
                                         Elizabeth Mazur
                                         Nicole Schult
                                         Sarah Blair
                                         UPTOWN PEOPLE'S LAW CENTER
                                         4413 North Sheridan Road
                                         Chicago, IL 60640
                                         Telephone: (773) 769-1411
                                         Facsimile: (773) 769-2224

                                         *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that on March 6, 2020, a true and correct copy of the foregoing was electronically filed and served upon counsel of record via the Court's CM/ECF system.

Respectfully submitted,

/s/ *Christina E. Sharkey*
Christina E. Sharkey
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200