# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) No. 18-3191 |
| RICHARD MACLEOD, et al., | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Doe's Motion to Compel Inspection of Logan Correctional Center (d/e 117) (Motion). For the reasons set forth below Plaintiff's Motion is DENIED.

## BACKGROUND

Plaintiff Doe alleges that she was incarcerated in the Logan Correctional Center (Logan) in Logan County, Illinois from March 2015 to August 2017. Defendant Richard MacLeod was a counselor at Logan. Doe alleges that in 2016 and 2017 MacLeod repeatedly sexually assaulted her while she was housed at Logan. She claims that when she reported the sexual assaults, she was transferred to Decatur Correctional Center in retaliation for making the report. See Amended Complaint (d/e 37), ¶¶ 11-12, 16-42. The Illinois Department of Corrections (IDOC) operated Logan.

Doe alleges that Defendants Christine Brannon, Kess Roberson, Angela Locke, and Margaret Burke were Wardens or Acting Wardens of Logan.  Defendant Todd Sexton was a member of Logan's Internal Affairs Department.  Defendants Mike Atchison, Mike Funk, Patrick Keane, Felipe Zavala, and Alan Pasley were administrators within IDOC and were responsible for developing, implementing, and overseeing implementation of the Prison Rape Elimination Act ("PREA") at all IDOC facilities, including Logan; for ensuring that administrators and staff at Logan and other IDOC facilities took steps to address the problem of custodial sexual assault; and for ensuring the reasonable safety of women in IDOC custody.  Defendants Clara Charron, Shari Klassen, Jennifer Meaker, Heidi Browne, Lisa Johnson, Debra Pollock, and Melinda Eddy held the position of PREA compliance manager and/or backup PREA compliance manager for Logan.  Defendants Dr. Keena Peek, Grant Willis, Dr. Jennifer McClellan, Charles Gibbons, Bobbie LeDuc, and Brent Blanco were members of the PREA incident review team at Logan.  Amended Complaint, ¶¶ 4-9.

The Amended Complaint alleges:

45. Likewise, in the manner described more fully above, defendants Todd Sexton, Margaret Burke, Mike Atchison, Angela Locke, Kess Roberson, Christine Brannon, Patrick Keane, Felipe Zavala, Michael Funk, Alan Pasley, Clara

Charron, Shari Klassen, Jennifer Meaker, Marcia Mibbs, Heidi Browne, Lisa Johnson, Debra Pollock, Melinda Eddy, Dr. Keena Peek, Grant Willis, Dr. Jennifer McClellan, Charles Gibbons, Bobbie LeDuc, Brent Blanco, and other as-yet-unidentified defendants, violated Ms. Doe's right to be free from cruel and unusual punishment because they knew that plaintiff's rights were being violated, had the realistic opportunity to intervene to prevent or stop the misconduct from occurring, and failed to do so. In the alternative, these defendants were on notice of a substantial risk of harm to plaintiff and they consciously disregarded that risk.

. . . .

51.     Defendants Margaret Burke, Mike Atchison, Angela Locke, Kess Roberson, Christine Brannon, Patrick Keane, Felipe Zavala, Michael Funk, Alan Pasley, Clara Charron, Shari Klassen, Jennifer Meaker, Marcia Mibbs, Heidi Browne, Lisa Johnson, Debra Pollock, Melinda Eddy, Dr. Keena Peek, Grant Willis, Dr. Jennifer McClellan, Charles Gibbons, Bobbie LeDuc, Brent Blanco were on notice of numerous instances of sexual misconduct by staff directed at Logan inmates, were aware that a systemic sexual assault problem existed at Logan, and were further aware of the custom, policies, and practices at Logan that permitted this type of misconduct to flourish. Further, each of these defendants had both the duty and power to take steps to change these policies and procedures in a manner which would have reduced the danger that Plaintiff and other Logan inmates would be subjected to sexual misconduct at the hands of Logan staff. These Defendants had knowledge of the problem by way of, among other things, PREA Compliance Reports, John Howard Association Investigations and Reports, grievances, training, reports from counselors, meetings, and lawsuits.

. . . .

52.     Defendants Margaret Burke, Mike Atchison, Angela Locke, Kess Roberson, Christine Brannon, Patrick Keane, Felipe Zavala, Michael Funk, Alan Pasley, Clara Charron, Shari Klassen, Jennifer Meaker, Marcia Mibbs, Heidi Browne, Lisa Johnson, Debra Pollock, Melinda Eddy, Dr. Keena Peek, Grant

> Willis, Dr. Jennifer McClellan, Charles Gibbons, Bobbie LeDuc, Brent Blanco knew that the existence of this problem posed a substantial risk of harm to women prisoners like Plaintiff, yet they failed to take reasonable steps to mitigate the risk of harm- including those steps available to them pursuant to their supervisory positions and/or positions under the PREA statute- thereby exhibiting deliberate indifference. Among other things, these Defendants failed to adequately investigate, supervise, control, and discipline IDOC employees who engaged in, or were accused of engaging in, staff-on-inmate assaults, thus directly encouraging and facilitating future abuses such as those affecting Plaintiff. Such actions could have included (by way of example only): providing training to all staff at Logan Correctional Center on the unique challenges and requirements presented in dealing with women prisoners rather than the men prisoners who had previously been housed at Logan; providing a more rigorous and independent protocol for investigating allegations of sexual misconduct by staff; enforcing the zero tolerance rule which existed on paper (but was in fact not enforced) barring all sexual harassment and other misconduct by staff directed at prisoners, including zero tolerance of failures to report such misconduct; and on the job situational training and feedback by supervisors whenever they witnessed an instance of sexual misconduct or harassment by those they supervised.
> 
> . . . .
> 
> 54. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for plaintiff's clearly established constitutional rights, and not for any legitimate penological purpose.

Amended Complaint, ¶¶ 45, 51, 52, 54.  Doe alleges claims against the

Defendants for violation of her Eighth Amendment rights to be free from

cruel and unusual punishment.  Amended Complaint, Count I.  She alleges

a claim against Burke and Sexton for retaliating against her in violation of her First Amendment rights.  <u>Amended Complaint</u>, Count II.

On December 6, 2019, Plaintiff Doe served a Rule 45 subpoena on IDOC seeking, among other things, inspection of the areas at Logan that were subject to Illinois State Police investigations of custodial sexual misconduct.  Doe sought to inspect areas where Doe alleges McLeod committed sexual assaults on her.  Doe also sought to inspect areas where other staff on inmate sexual assaults allegedly occurred that have been the subject of Illinois State Police investigations (Other Assaults).  Specifically, Doe sought to inspect Housing Unit 9, Housing Unit 11, the staff restroom, the Maintenance Building, the Laundry Room, the Electrician Shop, and the restroom outside of the Electrician Shop (Disputed Inspection).  <u>Motion</u>, at 1.

IDOC objected to inspection of areas unrelated to McLeod's alleged sexual assaults on Doe as irrelevant and unduly burdensome (Disputed Inspection).  IDOC allowed Doe's counsel to inspect the areas related to her claims, which inspection has been completed, but did not allow the Disputed Inspection.  The parties and IDOC could not resolve IDOC's objection to the Disputed Inspection.  Doe, therefore, filed this Motion.

## ANALYSIS

Preliminarily, the IDOC argues that the Motion is untimely. The Scheduling Order requires motions to compel to be filed within 60 days of the event that is the subject of the motion. Scheduling Order (d/e 21), at 2. IDOC served its objections on December 23, 2019. Response to Plaintiff's Motion to Compel Inspection (d/e 121) (Response), at 2. Doe's counsel received the objections on January 6, 2020. Motion, at 1. Doe filed the Motion on March 6, 2020. The Court has broad discretion to manage discovery and to control its docket. The Court in its discretion will not deny the Motion as untimely under these circumstances. Doe showed diligence and the Court determines that a decision on the merits is appropriate in this circumstance of this case.

Doe's subpoena may seek any non-privileged relevant information. Information is relevant for discovery purposes if the information sought appears reasonably calculated to lead to discovery of admissible evidence and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In considering whether to allow Doe to subpoena the Disputed Inspection, the Court also considers whether the subpoena would impose an undue burden. See Fed. R. Civ. P. 45(d)(3)(A)(iv). The Court may quash a subpoena if it subjects IDOC to an undue burden. Fed. R. Civ. P.

45(c)(3)(iii) & (iv). To determine whether a subpoena imposes an undue burden, the Court should "weigh the burden to the subpoenaed party against the value of the information to the serving party." Amini Innovation Corp., v. McFerran Home Furnishings, Inc., 300 F.R.D. 406, 409 (C.D. Ca. 2014); see Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 927 (7th Cir. 2004).  The burden imposed on non-parties is entitled to "special weight" in performing this calculus. Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998); Mosely v. City of Chicago, 252 F.R.D. 421, 434 (N.D. Ill. 2008).   The Department must indemnify Defendants for payment of damages for claims for actions or omissions occurring within the scope of their employment. 5 ILCS 350/2.  The Court, therefore, does not give IDOC's concerns special weight in resolving the Motion.  See Opinion entered May 16, 2019 (d/e 36), at 7.

   In this case Doe wants to inspect locations related to the Other Assaults.  The Other Assaults are relevant for discovery purposes to Doe's claim that Defendants "were on notice of a substantial risk of harm to plaintiff and they consciously disregarded that risk." Complaint ¶ 45.  The Court previously granted motions to compel discovery of information related to Other Assaults.  See Opinion entered May 15, 2019 (d/e 36), at 8-10; Opinion entered June 25, 2019 (d/e 62), at 9; Opinion entered August

21, 2019, (d/e 88), at 5-8; Opinion entered September 26, 2019 (d/e 97), at 4-8.  Documents that tended to show that the Defendants knew about the allegations of the Other Assaults could reasonably be expected to lead to relevant evidence regarding whether Burke and Sexton consciously disregarded the risk to Doe and other inmates from such staff-on-inmate assaults.

The Disputed Inspection, however, would be of marginal relevance, at best, to the question of notice to Defendants.  The Defendants are either supervisory personnel or personnel involved in administering the PREA.  In those positions, Defendants would be likely to receive notice of the Other Assaults from complaints, reports, emails, or other communications from staff who had closer contact with either inmates or closer contact with staff who had direct contact with inmates.  See Amended Complaint, ¶ 51 ("These Defendants had knowledge of the problem by way of, among other things, PREA Compliance Reports, John Howard Association Investigations and Reports, grievances, training, reports from counselors, meetings, and lawsuits."). Thus, the Court compelled discovery of requested documents related to these issues.

The Defendants, however, would have little personal connection to the locations related to the Other Assaults.  The Defendants would not

have been on duty in Housing Unit 9, Housing Unit 11, the staff restroom, the Maintenance Building, the Laundry Room, the Electrician Shop, or the restroom outside of the Electrician Shop at the relevant times when the Other Assaults allegedly occurred.  Inspection of these locations, therefore, would seem to provide little additional information about the notice to the Defendants or whether any of them consciously disregarded the risk to Doe.  Doe can also use other, less intrusive means to discover the proximity of Defendants' offices to these locations.  Building plans, other diagrams, aerial photographs, or other similar documents would provide this information.

The Disputed Inspection, however, poses a significant burden on IDOC and the Defendants in light of the current COVID-19 pandemic.  The IDOC faces significant challenges to protect the health and safety of staff and inmates at Logan during the pandemic.  The Court agrees that requiring an inspection would place a significant burden on the IDOC and, potentially, to accommodate the inspection and ensure that such an inspection would not create additional risks of infection for staff and inmates.  Given the marginal relevance of the Disputed Inspection, the burden on IDOC would be too great.

Doe states that she can wait to conduct the Disputed Inspections until after the Administrative Quarantine at Logan has been lifted and Logan is reopened to visitors.  Plaintiff's Reply Brief in Support of Motion to Compel Inspection of Logan Correctional Center (d/e 123), at 2.  Such a delay would impose an unacceptable burden on the Defendants and an unacceptable delay in the resolution of this case.  Discovery ends on June 30, 2020.  Text Order entered April 8, 2020.  Illinois Governor J.B. Pritzker has extended the stay at home order in Illinois to the end of May 2020.  Thereafter, suspended activities may start to resume in stages over time.  It seems clear to the Court that allowing visitors at Illinois prisons will be one of the last activities to resume due to the complexities of limiting the risk of infections in prisons.  The Court, therefore, is convinced that allowing Doe to wait for Logan to once again be open to visitors to perform the Disputed Inspection will push the completion of discovery well past June 30, 2020.  As explained above, the Disputed Inspections are of marginal relevance at best to the issue of notice to Defendants of the Other Assaults and that the relevant information can be secured by other less intrusive means.  Given the limited relevance, the Court will not extend discovery and delay this case further to wait for visiting hours at Logan to resume.  The delay would prejudice the Defendants' right to a resolution of this matter.  The delay

would also be contrary to the interests of justice to resolve this matter in a timely manner. Given these factors, the Court denies the Motion.

THEREFORE, IT IS ORDERED that Plaintiff Doe's Motion to Compel Inspection of Logan Correctional Center (d/e 117) is DENIED.

ENTER: April 28, 2020

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE