IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 18-cv-3191 |
| | ) |
| RICHARD MACLEOD, et al., | ) |
| | ) |
|    Defendants. | ) |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This order recounts the Court's rulings at the final pretrial conference held in this matter on September 7, 2023.

**IT IS ORDERED THAT:**

1. The Court adopts the parties' proposed non-routine voir dire and supplemental juror questionnaire (Proposed Final Pretrial Ord. ex. J, d/e 202-10). The juror questionnaire shall be completed by all potential jurors before voir dire.

2. The parties do not consent to the jurisdiction of a U.S. magistrate judge for jury impaneling. The parties will advise the Court should their positions change.

3. The parties' agreed proposed jury instructions (id. ex. E, d/e 202-5) are given in their entirety.

4. The Court's rulings on Plaintiff's proposed additional jury instructions (id. ex. F, d/e 202-6) are as follows:
    i. Plaintiff's Instructions 1 and 4 are given over objection.
    ii. Plaintiff's Instruction 6, as modified by the Court, is given over objection.
    iii. Plaintiff's proposed verdict form is refused.
    iv. The Court reserves ruling on Plaintiff's Instructions 2, 3 (as modified), and 5 (as modified).  Defendants shall tender proposed modifications to Instructions 3 and 5 as soon as practicable.
5. The Court's rulings on Defendants' proposed additional jury instructions (id. ex. H, d/e 202-8) are as follows:
    i. Defendants' Instruction 3 is given over objection.
    ii. Defendants' Instructions 4, 5, 7, 8, and 9, as well as Defendant's proposed special interrogatory and verdict form, are refused.  The Court may propose a modified version of Defendants' Instruction 7.
    iii. The Court reserves ruling on Defendants' Instructions 1 (as modified), 2 (as modified), and 5 (as modified).
6. The Court reserves ruling on the Court's proposed verdict form.

7. The Court will file its preliminary jury instructions and proposed modified jury instructions by no later than September 14, 2023.
8. Plaintiff's Motions in Limine Nos. 1–6 (d/e 203) are GRANTED.
9. Plaintiff's Motions in Limine Nos. 7 & 8 (d/e 204) are GRANTED IN PART and RESERVED IN PART. Any argument regarding or discussion of qualified immunity shall be confined to Rule 50 motion practice.
10. Plaintiff's Motion in Limine No. 9 (d/e 207) is GRANTED. Defendants shall tender, as soon as practicable, a proposed limiting instruction consistent with the Court's oral ruling.
11. Defendants' Motions in Limine (d/e 205) are GRANTED IN PART and DENIED IN PART.
    i. Defendants' Motions in Limine Nos. 3 and 7 are GRANTED.
    ii. Defendants' Motion in Limine No. 5 is DENIED as to the facts underlying the litigations in question. The motion is GRANTED as to evidence or argument relating to Defendants' knowledge of or involvement in the litigations themselves.
    iii. Defendants' Motions in Limine Nos. 1, 2, 6, 8, 9, 10, 11, 12, and 13 are DENIED.
12. Defendants' motion to exclude expert report and testimony (d/e 196) is DENIED.

13. Given Defendants' representations regarding indemnification, Plaintiff's objection (d/e 212) to the Text Order entered by U.S. Magistrate Judge Karen L. McNaught on September 6, 2023, is OVERRULED AS MOOT. Plaintiff may renew her objection if developments at trial so require.
14. The parties shall meet and confer regarding Plaintiff's proposed administrative stipulations and advise the Court of any developments.
15. By agreement of the parties, all parties shall refer to Plaintiff by her real name. Pseudonymous witnesses shall be referred to as "Jane Doe 1" and "Jane Doe 2."
16. The Court reserves ruling on the parties' deposition designations, objections, and counter-designations until trial.
17. The Court reserves ruling on the parties' exhibits and objections until trial.
18. Per the parties' September 8, 2023, correspondence with chambers, jurors shall be permitted to ask questions of witnesses according to the Court's typical practice. The jury shall be instructed that all juror questions are subject to the Court's review and discretion.
19. The parties shall prepare an amended final pretrial order consistent with these rulings and the parties' meet-and-confer.

IT IS SO ORDERED.

ENTERED:  SEPTEMBER 12, 2023

FOR THE COURT:

                      *s/ Sue E. Myerscough*
                      SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE