**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 18-cv-3191** |
| | ) | |
| **RICHARD MACLEOD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

## <u>General Trial Information</u>

Ladies and gentlemen:

You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.  Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.   You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. You and you alone are the judges of the facts.

It is your duty to determine the facts and to determine them from the evidence produced in open court.  You are to consider only the evidence received in this case.  The

evidence consists of the testimony of the witnesses and the exhibits received in evidence and stipulated facts.  You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also have to decide what weight, if any, you give to the testimony of each witness.

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will

make closing arguments.  After that, you will go to the jury room to deliberate on your verdict.

## **Asking Questions of Witnesses**

During this trial, you may be permitted to ask questions of witnesses, but you must follow the procedures that I describe:

If you have a question for a witness and you believe the answer would be helpful to you in understanding the case, then after the lawyers have completed their questions, but before that witness is excused, I will give you a chance to submit your question in writing.  I will have you write your question on a piece of paper and pass it down to the last person on the row, who will then hand it to the bailiff.

You should not write your name or juror number with the question.  Also, you should not discuss your questions with your fellow jurors at this time.

You may submit one or more questions or no question at all. It is up to you.  Please keep in mind, though, that

you should only ask a question if you think it is important to your ability to decide the issues in this case fairly.  You should be sure you are asking a question and not making a comment.  You should not use your questions to argue with a witness or to express opinions about a witness's testimony.  Your role is to be an impartial fact-finder.  The purpose of your question should be to clarify testimony that you have not understood or testimony that has failed to address a factual question that you believe is important.

After the bailiff has collected the pieces of paper and given them to me, I will decide whether the law allows the question to be asked of the witness.  Not all questions can be asked or asked using the wording that was submitted.  The rules of evidence might not permit me to ask your question.  You shall not concern yourself with the reason for the exclusion or modification of any question submitted.  If I cannot ask your question or if I rephrase it, please do

not be offended and do not let it affect your judgment of the evidence or the witness in any way.

If the question is allowed, I will ask the question of the witness and the attorneys may then ask some follow-up questions.  Please do not speak directly to me, the lawyers, or the witnesses.

## **Do Not Talk About or Research Case**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, or the individuals involved in the case.

In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an

end.  I know that many of you use cell phones, Blackberries, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, iMessage, text messaging or on Twitter, or through any blog or website, including Facebook, LinkedIn, Instagram, or YouTube.  You may not use any other social-media application, even if I have not specifically mentioned it here.

I expect you will inform me as soon as you become aware of another juror's violation of these instructions.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. I hope that for all of you this case is interesting and noteworthy.

## **Note-Taking**

If you want to take notes during the course of the trial, you may do so.  However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time.  If you do take notes, be sure that your note taking does not interfere with your listening to and considering all of the evidence.  Also, if you do take notes, do not discuss them with anyone before you begin your deliberations.  Do not take your notes with you at the end of the day; instead, you must leave them in the jury room.

If you choose *not* to take notes, remember that it is your own individual responsibility to listen carefully to the evidence.  You cannot give this responsibility to someone who is taking notes.  We depend on the judgment of all members of the jury; you all must remember the evidence in this case.

## **Statement of the Case**

This is an action brought pursuant to 42 U.S.C. § 1983, alleging the Defendants engaged in conduct violating the Plaintiff's rights under the Eighth Amendment to the United States Constitution.  The jurisdiction of the Court is invoked under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  The Court's jurisdiction is not disputed.

Plaintiff was an individual in custody at Logan Correctional Center ("Logan").  While at Logan, Plaintiff alleges, and Defendant Richard MacLeod admits via default judgment, that Plaintiff was sexually assaulted on multiple occasions by Defendant MacLeod between August 2016 and February 2017.  Plaintiff further alleges that Defendant Margaret Burke, the Warden of Logan Correctional Center at that time, and Defendant Todd Sexton, a correctional lieutenant in the internal affairs unit at Logan Correctional Center at the time, were aware of a substantial risk that

Defendant MacLeod would sexually assault Plaintiff and failed to take reasonable measures to protect Plaintiff from the assault.

Default judgment has been entered against Defendant MacLeod, and his liability is no longer at issue. Defendant Burke and Defendant Sexton deny all allegations and deny they are liable to Plaintiff in any way.

At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

## **<u>Stipulated Facts</u>**

The parties have stipulated, or agreed, to the following facts. You must now treat these facts as having been proved for the purpose of this case.

Plaintiff, Andrea Nielson, was an individual previously in custody of the Illinois Department of Corrections ("IDOC"). Plaintiff was incarcerated at Logan Correctional Center from March 13, 2015 until August 4, 2017.

Defendants were employed by the Illinois Department of Corrections at Logan Correctional Center for all times relevant to this cause of action. Defendants were acting under color of law at all times relevant to this case.

The following stipulations are made only as it relates to Defendant MacLeod and are not stipulated by Defendant Margaret Burke and Defendant Todd Sexton. You should not consider these facts as any admission of fact or liability by Defendant Burke or Defendant Sexton.

During her incarceration, Plaintiff had court-ordered telephone calls with her daughter once per week.

Plaintiff loves her daughter dearly, and it was very difficult for her to be separated from her daughter while she was in prison. While incarcerated, the weekly phone calls to her daughter were extremely important to her.

At all times, Macleod knew how important Plaintiff's phone calls with her daughter were to her and he knew that Plaintiff would need to go through him in order to have the calls.

In August 2016, Macleod called Plaintiff to his office in the vocational building so she could use his phone to call her daughter. After Plaintiff spoke with her daughter, Defendant Macleod kissed Plaintiff, which shocked and surprised her. She immediately left the office.

Subsequently, on a weekly basis, Macleod would call Plaintiff to his office in the vocational building for her

phone calls, during which he would engage in custodial sexual assault of Plaintiff and subject her to sexual harassment.

On several occasions, Macleod exposed his penis to Plaintiff while she was on the phone with her daughter. He also made sexual comments to her while she was on the phone with her daughter.

Plaintiff did not report Macleod's conduct because he told her that if she did so she would "get a year across the board," a phrase that Plaintiff understood to mean that she would have to spend a full year in segregation and that she would have to spend an extra year at IDOC.

Macleod also told Plaintiff that he had a friend in IDOC, Defendant Sexton, who gave him advice about how to avoid punishment if his sexual misconduct was discovered. Plaintiff understood this to mean that Macleod

would not be held accountable for his actions even if she did report his misconduct.

Macleod abused other women at Logan in the same way that he abused Plaintiff. The Illinois State Police ("ISP") investigated Macleod's sexual assault of Plaintiff. During that investigation, a number of other prisoners described having sexual encounters with Defendant Macleod.

As a result of Defendant Macleod's misconduct, Plaintiff has suffered and continues to suffer severe emotional distress, including but not limited to humiliation, depression, rage, anxiety, panic attacks, insomnia, and post-traumatic stress.

These facts are deemed admitted by Defendant MacLeod and established by the Court as to him.

## **Instruction Before Recess**

The Court will take short breaks during the trial. During those breaks, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me immediately. Do not read or listen to any news reports of the trial.

Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

These things may not be repeated before every break taken but keep them in mind throughout the trial.

I hope you find this case interesting and that your service as a juror is pleasant.