# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-3191 |
| | ) | |
| RICHARD MACLEOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## COURT'S PROPOSED ADDITIONAL JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 1
*(alternate to Defendants' Instruction No. 1)*

## Evidence Limited to Certain Parties

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each individual Defendant only in the case against that Defendant. You must not consider it against any other party.

*Source(s): Seventh Circuit Pattern Jury Instructions 1.10 (2017 Ed.)*

# COURT'S INSTRUCTION NO. 2
*(alternate to Defendants' Instruction No. 2)*

## Multiple Claims; Multiple Defendants

You must give separate consideration to each claim and each party in this case. Although there are multiple Defendants, it does not follow that if one is liable, any of the others is also liable.

*Source(s): Seventh Circuit Pattern Jury Instructions 1.25 (2017 Ed.)*

# COURT'S INSTRUCTION NO. 3
*(alternate to Defendants' Instruction No. 5)*

## Limiting Instruction Concerning Evidence of Statutes, Administrative Rules, Regulations, and Policies

You have heard evidence about whether Defendants' conduct violated certain rules or procedures of the Illinois Department of Corrections. You have also heard evidence that Defendant MacLeod violated a state law against having sexual contact with a prisoner.

You may consider this evidence in your deliberations. But remember that the issue is whether Defendants Burke and Sexton failed to protect Plaintiff from being sexually assaulted by Defendant MacLeod, not whether a rule, procedure, or state law might have been violated.

*Source(s): Seventh Circuit Pattern Jury Instructions 7.04 (2017 Ed.)*

*Modified to specify rules, procedures, and laws at issue.*

# COURT'S INSTRUCTION NO. 4
*(alternate to Plaintiff's Instruction No. 3)*

## Claims Against Defendants Burke & Sexton

To succeed on her claim that Defendants Sexton and Burke failed to protect her from Defendant MacLeod's sexual assaults, Plaintiff must prove each of the following things by a preponderance of the evidence as to each Defendant:

1. There was a strong likelihood that Plaintiff would be seriously harmed as the result of a sexual assault.

2. The Defendant under consideration was aware that Defendant MacLeod would seriously harm a prisoner in Plaintiff's situation or strongly suspected that Plaintiff would be seriously harmed but refused to confirm whether these facts were true. You may infer this from the fact that the risk was obvious.

3. The Defendant under consideration consciously failed to take reasonable measures to prevent Defendant MacLeod's sexual assaults from occurring.

In deciding this, you may consider how serious the potential harm to Plaintiff was and how difficult it would have been for the Defendant under consideration to take corrective action.

4. Plaintiff would not have been harmed, or would have suffered less harm, if the Defendant under consideration had taken reasonable measures to prevent the sexual assaults from occurring or reoccurring.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to the Defendant under consideration, then you should find for Plaintiff, and go on to consider the question of damages.

If you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must find for the Defendant under consideration, and you will not consider the question of damages.

*Source(s): Seventh Circuit Pattern Jury Instructions 7.16 (2017 Ed.)*

*Modified to omit (1) from element 3 the phrase "legitimate reasons related to safety or security for failing to take corrective action," because sexual assault never "serves any legitimate governmental interest," see Hess v. Garcia, 74 F.4th 753, 761 (7th Cir. 2023) (collecting cases), and (2) pattern element 5 (color of law), to which the parties already have stipulated.*

# COURT'S INSTRUCTION NO. 5
*(alternate to Plaintiff's Instruction No. 5)*

## Damages: Compensatory

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate her for any injury that you find she sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct.

Plaintiff must prove damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical, mental, and emotional pain and suffering Plaintiff experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental, or emotional pain and suffering needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injuries she sustained.

*Source(s): Seventh Circuit Pattern Jury Instructions 7.26 (2017 Ed.)*

# COURT'S INSTRUCTION NO. 6
*(alternate to Plaintiff's Instruction No. 6)*

## Damages: Punitive

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a Defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against each Defendant. You may assess punitive damages only if you find that their conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendants;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

*Source(s): Seventh Circuit Pattern Jury Instructions 7.28 (2017 Ed.)*

# VERDICT FORM

### Doe v. MacLeod, et al., 18-cv-3191


**1. We, the jury, find as follows on Plaintiff's claims:**

*(Place an "X" on the appropriate line for each claim.)*


|                  | For Plaintiff         |     | For Defendant         |
|------------------|-----------------------|-----|-----------------------|
| Margaret Burke   | _____         | or  | _____        |
| Todd Sexton      | _____         | or  | _____        |


*(If you found for Plaintiff on any of her claims, fill in below the total amount of damages you award. If you found against Plaintiff on all of Plaintiff's claims, skip parts 2 and 3 because you will not award damages.)*


**2. Having found against one or more Defendants, we fix Plaintiff's total compensatory damages as $_____ or nominal damages of $1.**

**3. Having found against a particular Defendant, we fix Plaintiff's punitive damages against that Defendant, if any, as follows:**

| | |
|---|---|
| Richard MacLeod | $_____ |
| Margaret Burke | $_____ |
| Todd Sexton | $_____ |

**We, the jury, having reached a unanimous agreement on Plaintiff's claims, sign below.**

**Date:** _____

_____

**Presiding Juror**

_____

_____

_____

_____

_____