IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Jane Doe, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. 3:18-cv-03191-SEM-TSH |
| v. | ) |
| | ) |
| Richard Macleod, et al., | ) |
| | ) |
|     Defendants. | ) |

## AMENDED FINAL PRE-TRIAL ORDER

This matter having come before the Court on September 7, 2023, at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1. Plaintiff, JANE DOE, having appeared by and through her attorney(s), Kirkland & Ellis LLP and the Uptown People's Law Center, and Defendants, MARGARET BURKE and TODD SEXTON, having appeared by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois. Neither Defendant Richard Macleod nor any counsel on his behalf appeared.

The parties filed an initial proposed Pretrial Order on August 31, 2023. Dkt. 202. Per the Court's September 12, 2023 Order (Dkt. 215) and September 13, 2023 Order, the parties submit this Amended Final Pre-Trial Order.

### I.     NATURE OF ACTION AND JURISDICTION

This is an action brought pursuant to 42 U.S.C. § 1983 alleging the Defendants engaged in conduct violating the Plaintiff's rights under the Eighth Amendment to the United States Constitution. The jurisdiction of the Court is invoked under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The Court's jurisdiction is not disputed.

Plaintiff was an individual in custody at Logan Correctional Center ("Logan"). While at Logan, Plaintiff alleges, and Defendant Richard Macleod admits via default judgment, that

Plaintiff was sexually assaulted on multiple occasions by Defendant Macleod between August 2016 and February 2017. Plaintiff further alleges that Defendant Margaret Burke, the Warden of Logan Correctional Center at that time, and Defendant Todd Sexton, a correctional lieutenant in the internal affairs unit at Logan Correctional Center at the time, were aware of a substantial risk that Defendant MacLeod would sexually assault Plaintiff and failed to take reasonable measures to protect Plaintiff from the assault. Default judgment has been entered against Defendant MacLeod, and his liability is no longer at issue. Defendant Burke and Defendant Sexton deny all allegations and deny they are liable to Plaintiff in any way.

## II.   JOINT STATEMENT

### A.   JURISDICTION

The parties agree that the issues involve federal questions and thus this Court has jurisdiction. Further, the parties agree that the underlying issues all took place within the judicial confines of this district and therefore venue is appropriate in this Court.

### B.   UNCONTESTED ISSUES OF FACT

Plaintiff, Andrea Nielson, was an individual previously in custody of the Illinois Department of Corrections ("IDOC"). Plaintiff was incarcerated at Logan Correctional Center from March 13, 2015 until August 4, 2017.[1] Defendants were employed by the Illinois Department of Corrections at Logan Correctional Center for all times relevant to this cause of action. The Defendants were acting under color of law at all times relevant to this case.

---

[1] Here, Plaintiff proposed the inclusion of the following uncontested issue of fact: "Under IDOC's policies, Prisoners cannot consent to sex with prison staff under any circumstances." Defendants do not agree to inclusion of this statement in the uncontested issues of fact. During the pretrial conference on September 7, 2023, the Court reserved ruling on this issue. Plaintiff maintains her position: IDOC policies are clear that prisoners cannot consent to sex with prison staff. The Court granted Plaintiff's Motion in Limine No. 1 on this issue, and the jury should be informed that a prisoner cannot consent to sexual contact with prison staff, both in the statement of the case at the outset and in formal jury instructions at the close of evidence. Defendants remain opposed.

Defendant Macleod has admitted all allegations in the Complaint. Dkt. 37 (operative Complaint); Dkt. 12 (Order of Default of Defendant Macleod); Dkt. 187 at 3 (Summary Judgment Order ("Because a default judgment has been entered against Defendant MacLeod, Defendant MacLeod has admitted the allegations in the Complaint and Amended Complaint and his liability is no longer at issue.")). The following facts are undisputed as to Defendant Macleod:[2]

1. During her incarceration, Plaintiff had court-ordered telephone calls with her daughter once per week. Dkt. 37 (Complaint) ¶ 13.

2. Plaintiff loves her daughter dearly, and it was very difficult for her to be separated from her daughter while she was in prison. While incarcerated, the weekly phone calls to her daughter were extremely important to her. Dkt. 37 ¶ 14.

3. At all times, Macleod knew how important Plaintiff's phone calls with her daughter were to her and he knew that Plaintiff would need to go through him in order to have the calls. Dkt. 37 ¶ 22.

4. In August 2016, Macleod called Plaintiff to his office in the vocational building so she could use his phone to call her daughter. After Plaintiff spoke with her daughter, Defendant Macleod kissed Plaintiff, which shocked and surprised her. She immediately left the office. Dkt. 37 ¶¶ 20-21.

5. Subsequently, on a weekly basis, Macleod would call Plaintiff to his office in the vocational building for her phone calls, during which he would engage in custodial sexual assault of Plaintiff and subject her to sexual harassment. Dkt. 37 ¶ 23.

---

[2] Defendants object to the inclusion of these undisputed facts in the FPTO.

6. On several occasions, Macleod exposed his penis to Plaintiff while she was on the phone with her daughter. Dkt 179 at 3 (undisputed fact at summary judgment). He also made sexual comments to her while she was on the phone with her daughter. Dkt. 37 ¶ 24.

7. Plaintiff did not report Macleod's conduct because he told her that if she did so she would "get a year across the board," a phrase that Plaintiff understood to mean that she would have to spend a full year in segregation and that she would have to spend an extra year at IDOC. Dkt. 37 ¶ 27.

8. Macleod also told Plaintiff that he had a friend in IDOC, Defendant Sexton, who gave him advice about how to avoid punishment if his sexual misconduct was discovered. Plaintiff understood this to mean that Macleod would not be held accountable for his actions even if she did report his misconduct. Dkt. 37 ¶ 28.

9. Macleod abused other women at Logan in the same way that he abused Plaintiff. The Illinois State Police ("ISP") investigated Macleod's sexual assault of Plaintiff. During that investigation, a number of other prisoners described having sexual encounters with Defendant Macleod. Dkt. 37 ¶ 40.

10. As a result of Defendant Macleod's misconduct, Plaintiff has suffered and continues to suffer severe emotional distress, including but not limited to humiliation, depression, rage, anxiety, panic attacks, insomnia, and post-traumatic stress. Dkt. 37 ¶ 42.

Pursuant to the Court's order granting Plaintiff's motion *in limine* No. 9 (*see* Dkt. 215), the Court will inform the jury that (i) a default judgment has been issued against Defendant Macleod, (ii) there is no dispute as to Defendant Macleod's liability, and (iii) the highlighted facts set forth in Exhibit 6 to Plaintiff's motion *in limine* No. 9 (Dkt. 207-1 at 7-20) are deemed admitted by Defendant Macleod and established by the Court.

During the pretrial conference, the Court directed Defendants to propose a limiting instruction as to this evidence; the parties have agreed to the following language:

- "The following stipulations are made only as it relates to Defendant Macleod and are not stipulated by Defendant Margaret Burke and Defendant Todd Sexton. You should not consider these facts as any admission of fact or liability by Defendant Burke or Defendant Sexton."

The parties agree that this limiting instruction should also be read to the jury in conjunction with the parties' agreed instruction regarding Stipulations of Fact (Dkt. 202, Ex. E at 23).

C.  **CONTESTED ISSUES OF LAW**

None.[3]

D.  **JURY DEMAND**

The parties demand a trial by jury.

### III.   PLAINTIFF'S STATEMENT

Plaintiff seeks compensatory damages for the physical and emotional pain and suffering, loss of normal life, and emotional distress that she was forced to endure as a result of Defendant Macleod's multiple custodial sexual assaults, and Defendants Sexton and Burke's conscious failure to protect her from them. Those damages include but are not limited to:

- the physical assault she suffered;
- emotional pain, mental anguish, and loss of normal life she suffered;
- the impact on her relationship with her daughter;
- the impact on her relationship with other loved ones;

---

[3] Here, Defendants proposed the following inclusions: (1) Whether Defendants Sexton and Burke's actions or omissions constituted violations of the Eighth Amendment; (2) Whether Defendants are entitled to qualified immunity; and (3) Whether Plaintiff is entitled to punitive damages. Plaintiff objected to these inclusions because (1) and (3) are fact questions to be decided by the jury, and (2) is a nontriable issue relevant only to Defendants' Rule 50 motion. At the pretrial conference, the Court sustained Plaintiff's objections to these inclusions and ordered them stricken.

5

- fear for her safety while in the Illinois Department of Corrections' custody;

- fear of retaliation while in the Illinois Department of Corrections' custody;

- loss of enjoyment of visits from her daughter and family due to her relocation from Logan to Decatur Correctional Center ("Decatur");[4]

- loss of enjoyment from her employment at Logan due to her relocation from Logan to Decatur;[5]

- loss of the opportunity to complete the cosmetology program at Logan due to her relocation from Logan to Decatur;[6]

- lasting psychological trauma manifesting as symptoms of post-traumatic stress disorder, depression, anxiety, and insomnia; and

- treatment for her ongoing psychological trauma including but not limited to mental health counseling.

Plaintiff seeks punitive damages against all Defendants.

Plaintiff also seeks costs and attorney fees.

### A. CONTESTED ISSUES OF FACT

1. Whether Defendant Burke violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

2. Whether Defendant Sexton violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

3. The amount of compensatory damages due to Plaintiff.

4. The amount of punitive damages due to Plaintiff.

---

[4] Defendants object to the inclusion of this element of damages, as it stems from the retaliation claim that has been dismissed by this Court and is not the result of any liability for failing to protect Plaintiff from sexual assault. The Court denied Defendants' Motion in Limine No. 8 on these grounds.

[5] Defendants object to the inclusion of this element of damages, as it stems from the retaliation claim that has been dismissed by this Court and is not the result of any liability for failing to protect Plaintiff from sexual assault. The Court denied Defendants' Motion in Limine No. 8 on these grounds.

[6] Defendants object to the inclusion of this element of damages, as it stems from the retaliation claim that has been dismissed by this Court and is not the result of any liability for failing to protect Plaintiff from sexual assault. The Court denied Defendants' Motion in Limine No. 8 on these grounds.

## IV.     EXHIBITS ATTACHED

### A. WITNESS LISTS

Plaintiff's Amended Witness List is attached to this Order as **Exhibit A**. Defendants' objections thereto are included therein. The only modification since Plaintiff submitted its Witness List on August 31, 2023 (Dkt. 202, Ex. A) is that Angel Wilson will testify by deposition designation rather than live at trial. Defendants' Witness List is attached to the initial proposed Pretrial Order filed by the parties on August 31, 2023 (Dkt. 202) as **Exhibit B**; no modifications have been made. Plaintiff's objections thereto are included therein.

### B. EXHIBITS LISTS

Plaintiff's Amended Exhibit List is attached to this Order as **Exhibit C**. Defendants' objections thereto are included therein. Plaintiff has added certain additional exhibits since Plaintiff submitted its Exhibit List on August 31, 2023 (Dkt. 202, Ex. C). Defendants' Exhibit List is attached to the initial proposed Pretrial Order filed by the parties on August 31, 2023 (Dkt. 202) as **Exhibit D**; no modifications have been made. Plaintiff's objections thereto are included therein.

The inclusion of a document on Plaintiff's Exhibit List (Ex. C) or Defendants' Exhibit List (Ex. D) is not an admission that such an exhibit is admissible by any party, for any purpose. The parties expressly reserve the right to object to the use of documents listed on the Exhibit Lists to the full extent permitted by the Federal Rules of Evidence or other applicable law. The Parties further state that certain exhibits on Plaintiff's Exhibit List (Ex. C) or Defendants' Exhibit List (Ex. D) may be listed provisionally pending rulings on motions *in limine*.

In addition, reserving all objections to admissibility, the parties reserve the right to use any part or all of the documents listed on the other party's exhibit lists to the full extent permitted by the Federal Rules of Evidence or any other applicable law.

The Court reserved ruling on the parties' exhibit objections until trial. Dkt. 215.

C. **PROPOSED JURY INSTRUCTIONS**

The parties' Agreed Proposed Jury Instructions are attached as **Exhibit E** to the initial Pretrial Order filed by the parties on August 31, 2023 (Dkt. 202). The Court will give these instructions in their entirety. Dkt 215.

Plaintiff's Additional Proposed Jury Instructions are attached as **Exhibit F** to the initial Pretrial Order filed by the parties on August 31, 2023 (Dkt. 202). Defendants' objections thereto are attached as **Exhibit G**. Plaintiff's Instruction 1 (Speculation on Defendants) and 4 (Aggravation of Pre-existing Condition) are given over Defendants' objections. Plaintiff's Instruction 6 (Punitive Damages), as modified by the Court, is given over objection. Dkt. 215.

The Court reserved ruling on Plaintiff's Instructions 2 (No Consent), 3 (Claims against Burke and Sexton) (as modified), and 5 (Compensatory Damages) (as modified). Dkt. 215.

Per the Court's order (Dkt. 215), Defendants submitted modifications to Plaintiff's Instructions 3 and 5. Those modifications are attached to this Order as **Exhibit R**. The Court's modifications are reflected in redline and Defendants' additional modifications are highlighted in yellow <u>and</u> in redline. Defendants' additional objection as to Instruction No. 5 is included in plain text. Plaintiff's responses to Defendants' proposed modifications are also included therein in plain text.

Plaintiff's verdict form is refused. Dkt. 215.

Defendants' Additional Proposed Jury Instructions are attached as **Exhibit H** to the initial proposed Pretrial Order filed by the parties on August 31, 2023 (Dkt. 202). Plaintiff's objections thereto are attached as **Exhibit I**. Defendants' Instruction 3 (IDOC and State are not parties) is given over Plaintiff's objection. Dkt. 215.

The Court reserves ruling on Defendants' Instructions 1 (Evidence Limited to Certain Parties) (as modified), 2 (Multiple Claims, Multiple Parties) (as modified), and 5 (Limiting Instruction on Statutes, etc.) (as modified).  Dkt 215.

Defendants' Instructions 4 (Personal Involvement), 6 (Summary of Claims),[7] 7 (Elements of Claim), 8 (Compensatory Damages), and 9 (Deliberate Indifference), as well as Defendant's proposed special interrogatory and verdict form, are refused. The Court may propose a modified version of Defendants' Instruction 7.  Dkt. 215.

In the initial pretrial order filed by the parties on August 31, 2023 (Dkt. 202), Defendants included a proposed special interrogatory.  During the September 7, 2023 pretrial conference, the Court refused the interrogatory.  Dkt. 215.  Defendants re-raised their request for a special interrogatory during the conference.  Plaintiff objected to any special interrogatory.  Defendants now propose a modified special interrogatory, attached as **Exhibit S**.  Plaintiff's objections are included therein.  Plaintiff also reserves all rights to lodge further objections to Defendants' modified special interrogatory.

The Court reserved ruling on a verdict form.

D. **NON-ROUTINE PROPOSED VOIR DIRE QUESTIONS**

The parties have reached agreement on non-standard *voir dire* questions, as well as a proposed addendum to the juror questionnaire, attached as **Exhibit J** to the initial proposed Pretrial Order filed by the parties on August 31, 2023 (Dkt. 202).

---

[7] In the Court's September 12, 2023 Order (Dkt. 25), the Court inadvertently indicated both that Defendants' Instruction 5 was (i) refused and (ii) reserved ruling. *Id*. at 2.  The parties agree that the Court reserved ruling on Instruction 5 at the September 7 pretrial conference.  The parties also agree that the Court refused Defendants' Instruction 6 at the pretrial conference, and may have intended to identify Defendants' Instruction 6 at Paragraph 5(ii) in its September 12, 2023 Order, which is not otherwise indicated.

The Court adopted the parties' proposed non-standard *voir dire* questions and juror questionnaire, and will distribute the questionnaire to all potential jurors before *voir dire*. Dkt. 215.

## V.     DEMONSTRATIVE AIDS INTENDED FOR USE AT TRIAL

Plaintiff intends to use PowerPoint slides for opening statements, closing statements, and witness examinations. Plaintiff may also use demonstratives in the courtroom including but not limited to, for example, flip charts or poster board.

## VI.     STIPULATIONS

Plaintiff proposed a number of administrative stipulations for trial efficiency purposes. Defendants refused to stipulate at the time the parties filed the initial proposed Pretrial Order on August 31, 2023 (Dkt. 202). At the September 7, 2023 pretrial conference, the Court directed the parties to meet and confer regarding Plaintiff's proposed administrative stipulations. *See also* Dkt. 215. The parties met and conferred and have stipulated to the following:

(1) The parties agree that by September 16 at 5 p.m. CT, each party will provide the other party with the intended witness order. In the event witness order projections change thereafter, the parties will endeavor to advise opposing counsel as soon as practicable.

(2) The parties agree to exchange lists of exhibits and demonstratives to be used with witnesses intended to be called the following day by 7:00 pm the night before via email; any objections thereto shall be exchanged by 9:00 pm the same night, and a meet-and-confer on any such objections shall commence by 8:30 am the following morning in order to expedite the Court's ability to rule on objections. In addition, the parties agree to exchange deposition video clips by 7:00 pm the night before the clip is to play via email and to exchange opening and closing demonstratives by 7:00 pm the night before the presentations via email. Any objections to opening and closing demonstratives shall be exchanged by 9:00 pm the same night, and a meet-and-confer on any such objections shall commence by 8:30 am the following morning.

(3) The parties agree that, for purposes of efficiency and convenience of the witnesses, the parties will endeavor that each witness will take the stand only once. If a party intends to call a witness adversely in its case-in-chief, the opposing party may conduct its full examination of that witness before he or she leaves the stand.

## VII.   OBJECTIONS REMAINING IN DEPOSITIONS

Plaintiff has designated certain witnesses to appear at trial by deposition video. Defendants' objections are reflected in **Exhibit K** to the initial Pretrial Order filed by the parties on August 31, 2023 (Dkt. 202). Plaintiff's responses are included in attached **Exhibit L** to the initial Pretrial Order filed by the parties on August 31, 2023 (Dkt. 202). Defendants' counter designations are reflected in the draft designations attached as **Exhibits M – Q** to the initial Pretrial Order filed by the parties on August 31, 2023 (Dkt. 202). Yellow highlighting indicates Plaintiff's designation, green highlighting indicates Defendants' counter designation. Personal Identifiable Information of non-parties alleged to be victims of custodial sexual assault or sexual harassment has been redacted. Full transcripts without redactions are attached to Plaintiff's Motion to Seal on August 31, 2023 (Dkts. 200, 201).

Defendants have elected not to present any witnesses by deposition.

Since the parties filed the initial proposed Pretrial Order on August 31, 2023 (Dkt. 202), the parties have agreed that Angel Wilson will testify via designation rather than at trial. Plaintiff's designations; Defendants' counter-designations; Defendants' objections to Plaintiff's designations; Plaintiff's responses to Defendants' objections; and Plaintiff's additional designations in response to Defendants' counters are attached as **Exhibits T and U**.

The Court reserved ruling on the parties' designations, counter-designations, and objections until trial. Dkt. 215.

## VIII.   JURY IMPANELMENT

The parties do not generally consent to the Magistrate Judge conducting jury impanelment. *See also* Dkt. 215. At the pretrial conference, the parties discussed the possibility of Magistrate Judge Hawley or Magistrate Judge Long conducting *voir dire* if their schedules allowed. The parties remain willing to discuss that option with the Court if viable.

## IX.     GENERAL ADDITIONAL INFORMATION

**IT IS UNDERSTOOD BY THE PARTIES THAT:**

Plaintiff is limited to two expert witnesses whose names and qualifications have been disclosed to Defendants: Brenda Smith and Dr. Ann Burgess.[8] Defendants are limited to zero expert witnesses and do not intend to present expert witnesses.

The parties' motions *in limine* are being filed contemporaneously with this pretrial order as separate docket entries. The Court's orders on the parties' motions *in limine* are summarized at Dkt. 215. Specifically, the Court granted Plaintiff's motions *in limine* Nos. 1-6 and 9. The Court ordered Defendants to propose a limiting instruction to be read in conjunction with the highlighted facts set forth in Exhibit 6 to Plaintiff's motion *in limine* No. 9 (Dkt. 207-1 at 7-20).

The Court granted Plaintiff's motions *in limine* Nos. 7 and 8 in part and reserved in part; any argument regarding or discussion of qualified immunity shall be confined to Rule 50 motion practice.

Defendants' motions *in limine* Nos. 3 and 7 are granted. Defendants' motions *in limine* Nos. 1, 2, 4, 6, 8, 9, 10, 11, 12, and 13 are denied. Defendants' motion *in limine* No. 5 is denied as to the facts underlying the litigations in question. The motion is granted as to evidence or argument relating to Defendants' knowledge of or involvement in the litigations themselves.

By agreement of the parties, all parties shall refer to Plaintiff by her real name. Pseudonymous witnesses shall be referred to as "Jane Doe 1" and "Jane Doe 2."

---

[8] Defendants filed a Motion to Exclude Expert Report and Testimony of Plaintiff's Tendered Expert Brenda Smith. [d/e 196]. The Court denied Defendants' motion. *See* Dkt. 215.

12

Per the parties' September 8, 2023, correspondence with chambers, jurors shall be permitted to ask questions of witnesses according to the Court's typical practice. The jury shall be instructed that all juror questions are subject to the Court's review and discretion.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed five full days. The case will be listed on the trial calendar to be tried when reached.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

Dated: 9/16/23

_s/ Sue E. Myerscough_
Hon. Sue E. Myerscough
US District Judge

| | |
|---|---|
| Brittany P. Cramer<br>Jessica J. Giulitto<br>Jenna M. Stupar<br>**KIRKLAND AND ELLIS LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: +1 (312) 862-2000<br>Fax: +1 (312) 862-2200<br><br>Alan Mills<br>Elizabeth Mazur<br>Nicole Schult<br>Sarah Blair<br>**UPTOWN PEOPLE'S LAW CENTER**<br>4413 North Sheridan Road<br>Chicago, IL 60640<br>Telephone: +1 (773) 769-1411<br>Fax: +1 (773) 749-2224<br><br>Christina E. Sharkey<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>191 North Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: +1 (312) 705-7474<br>Fax: +1 (312) 705-7401<br><br>*Counsel for Plaintiff* | KWAME RAOUL<br>**Illinois Attorney General**<br><br>Jennifer Powell #6310553<br>Assistant Attorney General<br>201 West Pointe Drive, Suite 7<br>Swansea, IL 62226<br>618-236-8781 (phone)<br>jennifer.powell@illinois.gov<br><br>Christopher L. Higgerson #6256085<br>Assistant Attorney General<br>500 South Second Street<br>Springfield, Illinois 62701<br>Telephone: (217) 782-1841<br>Fax: (217) 782-8767<br>c.higgerson@ilag.gov<br><br>*Counsel for Defendants Margaret Burke and Todd Sexton* |