IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 18-cv-03191 |
| | ) |
| RICHARD MACLEOD, et al. | ) |
| | ) |
|     Defendants. | ) |

<u>**OPINION AND ORDER**</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendants Todd Sexton and Margaret Burke's (collectively, "Defendants") Motion to Stay Judgment (d/e 256). For the following reasons, Defendants' Motion (d/e 256) is DENIED.

## I.    BACKGROUND

Plaintiff, a former inmate at Logan Correctional Center ("Logan"), pursued claims arising from a series of alleged sexual assaults by Defendant Richard Macleod between August 2016 and February 2017 against Defendants Todd Sexton, Margaret Burke, and Richard Macleod. Defendant Macleod was defaulted in this matter. See d/e 12.

On September 25, 2023, after a five-day trial, the jury found against Defendants and the Court entered judgment for Plaintiff on her Eighth Amendment claim, awarding $8 million dollars in compensatory damages and $11.3 million dollars in punitive damages to Plaintiff.  See d/e 224.

Defendants ask the Court to stay execution of a judgment without payment of bond.  See d/e 256.  Plaintiff opposes the stay.  See d/e 258.

## II.   ANALYSIS

Defendants seek a stay of the judgment in this matter pending resolution of the post-trial motions and any subsequent appeals, pursuant to Federal Rule of Civil Procedure 62(b).

Federal Rule of Civil Procedure 62(b) states:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b).

The Court declines to impose a stay.  On March 7, 2024, the Court entered an opinion and order denying Defendants' post-trial motion for a Renewed Motion for Judgment as a Matter of Law, or

in the Alternative for a New Trial.  See d/e 263.  On March 28, 2024, the Court entered an opinion and order granting in part and denying in part Plaintiff's Motions for Attorney Fees (d/e 232, 233).  As a result, all post-trial motions have been resolved.

However, even considering Defendants' motion on its merits, the Court declines to grant a stay.  To determine whether Defendants are entitled to a stay, the Court assesses: "(1) whether [Defendants have] made a strong showing that [they are] likely to succeed on the merits; (2) whether [Defendants] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The Court finds that these factors weigh against a stay in this case.  As the Court has addressed in its order and opinion denying Defendants' post-trial motion for a Renewed Motion for Judgment as a Matter of Law, or in the Alternative for a New Trial, see d/e 263, the Court is not persuaded that Defendants are likely to succeed on the merits.  Moreover, this litigation has extended over five years.  It is within the public interest to resolve

this case and require satisfaction of the judgment. Defendants' motion is denied as to its request for a stay pending appeal.

The Court further declines to waive the bond requirement for Defendants. Defendants cite to <u>Northern Indiana Public Service Co. v. Carbon Cty. Coal Co.</u> for the proposition that the Court has discretion to grant a stay without a bond. d/e 256; 799 F.2d 265, 281 (7th Cir. 1986). The default rule is that a party is entitled to a stay pending appeal only by posting an appropriate bond. <u>See</u> Fed. R. Civ. P. 62(b); <u>In re Carlson</u>, 224 F.3d 716, 719 (7th Cir. 2000). Waiver is appropriate "only if the appellant has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure adequately to secure the judgment." <u>In re Carlson</u>, 224 F.3d at 719.

The Court finds Defendants' argument that the State's indemnification is sufficient to waive the bond requirement unpersuasive. <u>See</u> d/e 256, ¶ 4.

Illinois law provides:

Upon entry of a final judgment against the employee . . . such judgment . . . shall be certified for payment by such

Page **4** of **6**

> chief administrative officer and by the Attorney General. The judgment . . . shall be paid from the State Treasury on the warrant of the Comptroller out of appropriations made to the Department of Central Management Services specifically designed for the payment of claims covered by this Section.

5 ILCS 350/2(e)(ii).

Defendants have not demonstrated that the state has an established fund to pay the type of judgment at issue. See Lightfoot v. Walker, 797 F.2d 505, 507 (7th Cir. 1985) (requiring the State of Illinois to post a bond pending appeal because the state did not have an established fund to pay the types of judgments at issue and because payment required legislative approval).

Furthermore, the Court is concerned that granting a stay without a bond would further contribute to Plaintiff's harm given the long duration of this matter as well as the personal, traumatic nature of this case. The Court also refuses to stay judgment against Defendant Macleod, who not only was defaulted in this matter but has also failed to file any post-trial motions or indicate that he will pursue an appeal. Therefore,

the Court declines to waive the bond requirement for all Defendants.

### III.  CONCLUSION

For the reasons stated, Defendants' Motion to Stay Judgment (d/e 256) is DENIED.  The Court orders Defendants to pay the award plus post-judgment interest in full, plus interest, pursuant to 735 ILCS 5/2-1303(a).

**ENTERED:  March 28, 2024.**

**FOR THE COURT:**

>  _/s/Sue E. Myerscough_
> **SUE E. MYERSCOUGH**
> **UNITED STATES DISTRICT JUDGE**